IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

FILED

OCT 19 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Clyde E. Clements, Jr.**
Post Office Box 3391
Lynchburg, Virginia 24503
(434) 845-2310

        PLAINTIFF,

vs.

**Alberto R. Gonzales,** in his official capacity c
U.S. Attorney General,
U. S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

and

**John G. Roberts,** in his official capacity of
Chief Justice,
Supreme Court of the United States
1 First Street, NE
Washington, D.C. 20543

        individually and jointly,
        DEFENDANTS.

CASE NUMBER   1:06CV01809

JUDGE:  Reggie B. Walton

DECK TYPE: Pro se General Civil

DATE STAMP: 10/19/2006

## COMPLAINT

1.     This action challenges the constitutionality of Rules of the Supreme Court of the United States, Rule 10: "Review on a writ of certiorari is not a matter of right, but of judicial discretion."; and Rule 20.1: "Issuance by the Court of an extraordinary writ authorized by 28 U.S.C. Sec. 1651(a) is not a matter of right, but of discretion sparingly exercised.", both facially and as applied to Plaintiff's petitions submitted to the Supreme Court of the United States (hereinafter referred to as "Defendant Supreme Court") for review (Petition for Writ of

Mandamus and Petition for Rehearing, *In re Clements* 05-689; Petition for Writ of Certiorari and Petition for Rehearing, 97-1260; Petition for Writ of Certiorari, 96-1360; Petition for Writ of Certiorari and Petition for Rehearing, 95-1314;)(said seven (7) Plaintiff's petitions filed with Defendant Supreme Court are hereinafter collectively referred to as "S.Ct. Petitions"), on the following grounds:

2.  a) Plaintiff avers in said S.Ct Petitions that the presiding United States Court of Appeals for the Fourth Circuit, the U.S. District Court for the Western District of Virginia, the Supreme Court of Virginia and the Amherst County, Virginia Circuit Court intentionally deprived Plaintiff of his Constitutionally guaranteed rights by entering decisions said federal and state courts knew to be erroneous. Plaintiff includes in said S.Ct. Petitions undisputed facts of record that evidence his averment that aforementioned four presiding lower courts disregarded his controlling, positive, unimpeached and uncontradicted evidence of record, as well as his arguments and cited case law. Defendant Supreme Court's denying review of his petitions without reaching the merits as allowed by said Rules 10. and 20.1 has resulted in a judicial tyranny where Defendant Supreme Court enables lower federal and state courts to enter, with impunity, decisions said lower courts know to be erroneous, for the purpose of giving partial, unfair treatment to cases before them;

3.  b) As documented by said S.Ct. Petitions, Plaintiff filed a motion to vacate on grounds of fraud on the court by the presiding judge in the federal district court. The same judge who presided over Plaintiff's case presided over the hearing of Plaintiff's motion to vacate, and not only dismissed it as frivolous, he threatened Plaintiff with sanctions if Plaintiff were to appeal the judge's decision. Plaintiff subsequently filed with the federal appeals court a motion to vacate on grounds of fraud on the court by the presiding federal appeals court judges. That motion to vacate was also dismissed. Plaintiff, in said S.Ct. Petitions, made Defendant Supreme Court aware of these and other clear and prejudicial abuses of discretion by the presiding federal appeals court and federal district court. Because Defendant Supreme Court denied said S.Ct Petitions without reaching the merits as allowed by aforementioned Rules 10. and 20.1, Plaintiff

was denied an appeal as a matter of right by said federal and state appeals courts; and by Defendant Supreme Court. Where, as here, a lower appeals court decision is a result of judicial fraud; or of other clear and prejudicial abuses of discretion, it cannot be said that the litigant injured by said decision was given an appeal as a matter of right, and;

4.  c) Where, as Plaintiff avers here, a litigant was denied an appeal as a matter of right by a federal and/or state appeals court; and said litigant subsequently petitions Defendant Supreme Court for review of the merits of his said lower court appeal, Defendant Supreme Court cannot Constitutionally treat review of said petition as a matter of judicial discretion as allowed by said Rules 10. and 20.1 because, to do so puts said Rules in conflict with 28 U.S.C. §1291, which compels the judicial branch to provide litigants with at least one appeal as a matter of right from a U.S. district court; or state circuit court decision. Defendant Supreme Court must treat a petition for review of the merits of such cases as an appeal of right.

5.  Rules 10. and 20.1 of the Supreme Court of the United States are therefore unconstitutional both facially and as applied to Plaintiff's said S.Ct. Petitions, since said Rules enable Defendant Supreme Court to deny petitioners' statutorily and/or Constitutionally protected right to at least one appeal as a matter of right from a U.S. district court and/or state circuit court ruling that was unlawfully denied by the lower appeals courts.

## JURISDICTION

6.  Jurisdiction is conferred on this Court by existence of a federal question and questions arising under particular statutes, to wit, the First and Fourteenth Amendments to the United States Constitution; and 28 U.S.C. § 2071.

## VENUE

7.  Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1332 because the events or omissions giving rise to Plaintiff's claims occurred in this district–specifically, Defendant Supreme Court's denying Plaintiff's S.Ct. Petitions without reaching the merits, as allowed by said Rules of the Supreme Court, Rules 10. and 20.1.

8.  Plaintiff's claim for declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202, and by Rule 57 of the Federal Rules of Civil Procedure.

## PARTIES

9.  Plaintiff Clyde E. Clements, Jr. is a resident of Amherst County, Commonwealth of Virginia, which is in the Western District of Virginia.

10. Defendant Congress of the United States enacted the law, 28 U.S.C. §2071, which authorized Defendant Supreme Court to draw up Rules of the Supreme Court of the United States, Rules 10. and 20.1, which are being challenged by Plaintiff herein.

11. Defendant Supreme Court of the United States applied said Rules 10. and 20.1 to Plaintiff's seven (7) petitions, S.Ct. Petitions, he filed with Defendant Supreme Court.

## FACTS

12. Defendant Supreme Court denied Plaintiff's Petition for a Writ of Mandamus, *In re Clements*, Case No. 05-689 (hereinafter referred to as "Mandamus Petition") without reaching the merits as allowed by Rules of the Supreme Court of the United States, Rules 10. and 20.1, on February 21, 2006; and denied Plaintiff's Petition for Rehearing, Case No. 05-689, without reaching the merits as allowed by said Rules 10. and 20.1, on April 17, 2006.

13. Plaintiff avers in his Mandamus Petition that the presiding lower courts applied an apparent commonly known practice of knowingly entering in employment discrimination cases erroneous decisions favoring employer defendants–a practice that relies for its existence on Defendant Supreme Court's general policy of not exerting its jurisdiction merely to correct errors made by lower courts.

14. Question No. 1 of Mandamus Petition states, "The question before the Court is whether the presiding federal district court judge's also presiding over and ruling in the hearing of petitioner-plaintiff's motion to vacate on grounds of Rule 60(b) fraud on the court by said judge (therefore presiding over a matter in which said judge personally was substantially affected by the outcome), together with said judge's threatening petitioner-plaintiff with sanctions if he appealed said judge's ruling and petitioner-plaintiff's not appealing because of said threat of

sanctions, deprived petitioner-plaintiff of his Constitutionally guaranteed rights to petition the government for redress of grievances; and to due process of law." At pp. App. A.7 and A.8 of Mandamus Petition is the presiding federal district court's Order subject of said Question No. 1.

15.    Defendant Supreme Court denied Plaintiff's Petition for a Writ of Certiorari, Case No. 97-1260, without reaching the merits as allowed by said Rules 10. and 20.1, on March 23, 1998.

16.    Plaintiff avers in his Petition for Rehearing, Case No. 97-1260 that Defendant Supreme Court, by "turning its back" to lower courts' arbitrarily disregarding uncontradicted evidence of unimpeached witnesses which is not inherently incredible and not inconsistent with facts in the record, has unwittingly joined forces with the Supreme Court of Virginia and established a tyranny that serves both. Defendant Supreme Court denied Plaintiff's Petition for Rehearing without reaching the merits as allowed by said Rules 10. and 20.1 on May 18, 1998.

17.    Defendant Supreme Court denied Plaintiff's Petition for a Writ of Certiorari, Case No. 96-1360, without reaching the merits as allowed by said Rules 10. and 20.1 on April 14, 1997.

18.    Defendant Supreme Court denied Plaintiff's Petition for a Writ of Certiorari, Case No. 95-1314, without reaching the merits as allowed by said Rules 10. and 20.1 on April 15, 1996; and denied Plaintiff's petition for Rehearing without reaching the merits on June 3, 1996.

19.    There are no fatal procedural errors in any of Plaintiff's pleadings he filed with the federal and state courts for the cases subject of this Complaint.

## CAUSE OF ACTION

## DECLARATORY RELIEF–UNCONSTITUTIONALITY OF FEDERAL STATUTE

20.    This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, of an actual substantial justiciable controversy as alleged in paragraphs 1 through 19, set forth above. Plaintiff seeks judgment that Rules of the Supreme Court of the United States, Rule 10. and Rule 20.1 are unconstitutional, both facially and as applied to the Plaintiff and his seven (7) petitions he filed with Defendant Supreme Court, because said Rules have enabled establishment of an insurmountable judicial tyranny, in that said Rules enable appellate courts to apply with

impunity the practice of entering decisions they know to be erroneous with the intention of shielding employer defendants from the plaintiffs in employment discrimination cases.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court:

a. To enter judgment declaring Rules of the Supreme Court of the United States, Rule 10. and Rule 20.1 to be in violation of the First and Fourteenth Amendments to the United States Constitution and in conflict with 28 U.S.C. § 1291; and therefore unconstitutional, both facially and as applied to Plaintiff's abovementioned seven (7) petitions he filed with Defendant Supreme Court;

b. To Compel the Defendants to take the appropriate action to bring about Defendant Supreme Court review of the merits of abovementioned Plaintiff's seven (7) petitions he filed with Defendant Supreme Court;

c. For attorney's fees and costs as provided by 42 U.S.C. § 1988; and

d. To grant such other and further relief as this Court shall find just and proper.

Dated this 19TH day of October, 2006.     Respectfully submitted,

*Clyde E. Clements, Jr.*
_____
Clyde E. Clements, Jr., *Pro Se*
P. O. Box 3391
Lynchburg, Virginia 24503
(434) 845-2310

JS-44
(Rev.1/05 DC)

06-1809
F
RBW

## I (a) PLAINTIFFS

Clyde E. Clements, Jr.

## DEFENDANTS

Alberto R. Gonzales, U.S. Attorney General
John G. Roberts, Chief Justice of the U.S. Supreme Court

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001
(IN U.S. PLAINTIFF CASES ONLY)

CASE NUMBER 1:06CV01809

JUDGE: Reggie B. Walton

DECK TYPE: Pro se General Civil

DATE STAMP: 10/19/2006

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Clyde E. Clements, Jr., pro se
Post Office Box 3391
Lynchburg, Virginia 24503
(434) 845-2310

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ⊙ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ⊙ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Federal Rules of Civil Procedure, Rules 10(d) & 10(e): I am challenging constitutionality of federal statute both facially and as applied to my petitions.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND: YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE October 19, 2006 ✓   SIGNATURE OF ATTORNEY OF RECORD   Clyde E. Clements, Jr.

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

