UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CLYDE E. CLEMENTS, JR | ) | |
| | ) | |
| Plaintiff | ) | Case No: 06-01809 (RBW) |
| | ) | |
| v. | ) | |
| | ) | |
| ALBERTO GONZALES, et. al | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

DEFENDANTS' MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure,

Defendants, through counsel, respectfully move this Court to dismiss Plaintiff's complaint with

prejudice for lack of subject matter jurisdiction and failure to state a claim. In support of this

motion, Defendants respectfully refer the Court to the attached memorandum of points and

authorities.

Because this is a dispositive motion, the undersigned has not sought Plaintiff's consent

before filing it. LCvR 7 (m).

January 11, 2007                    Respectfully submitted,


                                    _____/s/_____
                                    JEFFREY A. TAYLOR, D.C. BAR # 498610
                                    United States Attorney


                                    _____/s/_____
                                    RUDOLPH CONTRERAS, D.C. BAR # 434122
                                    Assistant United States Attorney.


                                    _____/s/_____
                                    ANDREA McBARNETTE, D.C. Bar  # 483789
                                    Assistant United States Attorney
                                    555 Fourth Street, N.W.
                                    Washington, D.C. 20530
                                    (202) 514-7153

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

CLYDE E. CLEMENTS, JR                    )
                                         )
                  Plaintiff              )        Case No: 06-01809 (RBW)
                                         )
         v.                              )
                                         )
ALBERTO GONZALES, et. al                 )
                                         )
                  Defendants             )
_____  )

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

The Defendants, Alberto Gonzales et al., through counsel, hereby move this Court to

dismiss the instant complaint for failure to state a claim.  Plaintiff Clyde E. Clements, Jr.

challenges the constitutionality of Rules 10 and 20.1 of the Rules of the Supreme Court of the

United States in his Complaint.  Plaintiff claims that these rules are unconstitutional "since said

Rules enable Defendant Supreme Court to deny petitioners' statutorily and/or Constitutionally

protected right to at least one appeal as a matter of right from a U.S. district court and/or state

circuit court ruling that was unlawfully denied by the lower appeals courts."  Compl. ¶ 5.

Plaintiff seeks the Court to direct the Defendant Supreme Court to review his various petitions to

it.

**BACKGROUND FACTS**

Plaintiff states that from 1996 to 2006, the Supreme Court has denied seven petitions that

he has filed with it without reaching the merits as allowed by Rules 10 and 20.1 of the Rules of

the Supreme Court.  Compl. ¶¶ 1, 12-18.  In his petitions, he alleged that the "United States

Court of Appeals for the Fourth Circuit, the U.S. District Court for the Western District of

Virginia, the Supreme Court of Virginia, and the Virginia Circuit Court intentionally deprived

Plaintiff of his Constitutionally guaranteed rights by entering decision said federal and state

courts knew to be erroneous."

### STANDARD OF REVIEW

When faced with a facial challenge to subject matter jurisdiction under Fed. R. Civ. P.

12(b)(1), the court applies substantially the same standard of review that is used to evaluate Fed.

R. Civ. P. 12(b)(6) motions.  Arbitraje Casa De Cambio v. United States Postal Serv., 297 F.

Supp. 2d 165, 168 (D.C. Cir. 2003).  The court must accept as true all of the plaintiff's well-pled

factual allegations and draw all reasonable inferences in favor of the plaintiff; however, the court

does not need to accept as true the plaintiff's legal conclusions.  Id; Taiwo Okusami v.

Psychiatric Institute of Washington, Inc., 959 F.2d 1062, 1069 (D.C. Cir. 1992).  Nor must the

court accept legal conclusions cast in the form of factual allegations.  Kowal v. MCI

Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

### ARGUMENT

Essentially, Plaintiff argues that because numerous lower courts, including state courts,

federal district courts and a federal court of appeals, have dismissed or affirmed dismissals of his

cases, the Supreme Court should review his petitions regarding these cases.  The decisions of all

of these courts allegedly were clearly erroneous, including the decisions from courts of appeal.

Plaintiff suggests that there is some sort of conspiracy by the courts and thus they issue

determinations against him.  Compl. ¶ 2.  Because the courts of appeal improperly ruled against

him "for the purpose of giving partial unfair treatment to cases before them," Plaintiff contends

that he was denied an opportunity to appeal.  Thus, Plaintiff argues that the Supreme Court's

Rules 10 and 20.1 are unconstitutional as applied to the him.  Compl. ¶ 1.

### 1.     The Supreme Court's rulemaking authority complies with the Constitution

The Supreme Court has the power to make rules.  Pursuant to Article III, Section 2 of the

Constitution, "the [S]upreme Court shall have appellate Jurisdiction, both as to Law and Fact,

with such Exceptions, and under such Regulations as the congress shall make."  Article III,

Section 2 of the Constitution.  Congress granted the Supreme Court rulemaking authority.  See

28 U.S.C. § 2071.  Under 28 U.S.C. § 2071, the Supreme Court has authority to "prescribe rules

for the conduct of [its] business."  Id.  Because the Supreme Court's rulemaking authority is

derived from the Constitution and permitted by Congress, the Plaintiff has failed to state a claim

that the Supreme Court has violated the constitution in the enactment of Rules 10 and 20.1.

### 2.     Plaintiff had the opportunity to appeal

The Plaintiff does not agree with the decisions against him by the various and numerous

state and federal courts.  Just because Plaintiff does not agree with the courts' decisions,

however, does not amount to a lack of opportunity to appeal.  In fact, as the Plaintiff indicates,

he has appealed his cases in the Court of Appeals for the 4th Circuit and in the Supreme Court of

Virginia.  Compl. ¶ 2.[1]  Thus, Plaintiff incorrectly argues that he was denied an opportunity to

appeal.

---

[1]  Plaintiff alleges that a federal judge threatened to bring sanctions if he appealed, and
that he "subsequently filed a motion to vacate on grounds of fraud on the court by the presiding
federal appeals court judges." Compl. ¶ 2.  Plaintiff also suggests that he did not appeal because
of the threat of sanctions.  Compl. ¶ 14.  Plaintiff had a right to appeal despite the alleged threats.
An appropriate remedy for illegal threats by a judge would be a motion for recusal or affidavit
alleging bias or prejudice.  See 28 U.S.C. §§ 144, 455.

**3.     Untimely Complaint**

The Supreme Court denied most of Plaintiff's petitions prior to October 19, 2000, six

years before Plaintiff filed his Complaint.  Compl. Caption, ¶¶ 15-19.  Pursuant to 28 U.S.C. §

2401, the  statute of limitations for actions against the United States is six years after the right of

action first accrues.   28 U.S.C. § 2401.  Plaintiff alleges that between 1996-1998 the Supreme

Court denied five of his seven petitions without reaching the merits as allowed by Rules 10 and

20.1.  Compl. ¶¶ 15-19.  Therefore, the statue of limitations bars this action filed in 2006 to the

extent that it is based on those five petitions denied over six years before the complaint was filed.

**CONCLUSION**

For these reasons, the Defendants respectfully request that this Court dismiss the

complaint against the Defendants.

January 11, 2007                    Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.


_____/s/_____
ANDREA McBARNETTE, D.C. Bar # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion to Dismiss has been served on January 11, 2007 by first class U.S. mail, postage pre-paid to:

Clyde E. Clements, Jr.
P.O. Box 3391
Lynchburg, Va  24503

/S/
ANDREA McBARNETTE, D.C. Bar  #483789
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CLYDE E. CLEMENTS, JR | ) | |
| | ) | |
| Plaintiff | ) | Case No: 06-01809 (RBW) |
| | ) | |
| v. | ) | |
| | ) | |
| ALBERTO GONZALES, et. al | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**ORDER**

UPON CONSIDERATION of defendants' motion to dismiss, the memorandum of points

and authorities in support thereof, any opposition thereto, any reply, and the record herein, it is

this _____day of _____, 2007,

ORDERED, that defendants' motion to dismiss be GRANTED.

_____
UNITED STATES DISTRICT JUDGE