UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLYDE E. CLEMENTS, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-01809 (RBW) |
| ) | |
| ALBERTO R. GONZALES, et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS**

Pro se Plaintiff Clyde E. Clements, Jr. ("Plaintiff") respectfully submits his Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss.

**I.   PREFATORY STATEMENT**

This is not a case of a plaintiff's continued attempts to re-litigate simply because he did not like the decisions of the federal fourth circuit district court and appeals court; and the presiding Virginia state courts, in their handling of his employment discrimination suits. It is not Plaintiff's intent, nor is it Plaintiff's expectation, that this Court will review the merits of his employment discrimination cases filed in the district court and appeals court of the federal fourth circuit; and in the Virginia state courts. Indeed, merit review of said cases would likely add little or nothing to this Court's understanding of the issues at hand. Plaintiff is before this honorable

**RECEIVED**

JAN 26 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Court because he lacks any alternative avenue of relief. At the center of the controversy subject of Plaintiff's Complaint is the issue of abuse of judicial discretion:

> ... It would be well to take heed of what Kenneth Culp Davis teaches:
> "'Where law ends tyranny begins.' I think that in our system of government, where law ends tyranny need not begin. Where law ends, discretion begins, and the exercise of discretion may mean either beneficence or tyranny, either justice or injustice, either reasonableness or arbitrariness."
> Davis, Discretionary Justice, 3 (1969)

*INMATES OF the BOYS' TRAINING SCHOOL et al. v. John AFFLECK, Director, Department of Social and Rehabilitative Services, et al.*, 346 F.Supp. 1354 at 1358.

Plaintiff respectfully submits that, to his knowledge, instant Complaint is the *only* avenue of relief for a litigant injured by judicial tyranny. If directed by this Court, Plaintiff can file the extra copies of his petition for a writ of mandamus, *In re Clements*, No. 05-689, and the related rehearing petition. The Appendix of said mandamus petition includes the previous five (5) petitions filed with Defendant Supreme Court. This Court can then see for itself the undisputed facts of record that any reasonable person would conclude make out a case of judicial tyranny.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

Plaintiff has exhausted his remedies made available through the appeals process. Plaintiff timely filed his seven (7) petitions with Defendant Supreme Court; and Defendant Supreme Court denied all seven without reaching the merits. Plaintiff, in all seven (7) petitions, states facts that impute abuses of discretion by the presiding federal and state judges, in their treatment of Plaintiff's federal and state employment discrimination cases. Plaintiff alleges fraud on the court by the presiding judges in his Petition for Rehearing, No. 95-1314; Petition for a Writ of Certiorari, No. 96-1360; Petition for Rehearing, No. 97-1260; and in his Petition for a Writ of

Mandamus, No. 05-689. Plaintiff alleges judicial tyranny in his Petition for Rehearing, No. 97-1260; in his Petition for Rehearing, No. 05-689; and in his instant Complaint, at ¶¶ 2, 16.

Plaintiff's most recent petition, his only petition for a writ of mandamus, *In re Clements*, No. 05-689, was filed with Defendant Supreme Court on November 21, 2005; and was denied by Defendant Supreme Court on February 21, 2006. Plaintiff's petition for rehearing was filed on March 16, 2006; and was denied by Defendant Supreme Court on April 17, 2006.

### III.  ARGUMENT

Defendants state in the first paragraph of the Argument in their Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss ("Defendants' Memorandum"), at P.2, ". . . Plaintiff contends that he was denied an opportunity to appeal." This is incorrect. Plaintiff does not make this claim in instant Complaint. Rather, Plaintiff avers that he was denied a legitimate appeal as a matter of right. See instant Complaint, ¶¶ 3, 4, 5.

Defendants, in Footnote 1, P.3 of Defendants' Memorandum, state, ". . . An appropriate remedy for illegal threats by a judge would be a motion for recusal or affidavit alleging bias or prejudice. See 28 U.S.C. §§ 144, 155." As documented in Plaintiff's mandamus petition, PP. 18 and 19, Plaintiff filed his federal and state employment discrimination suits *pro se* not because he wanted to. He met with several competent, experienced attorneys about representing him. Even though he had compelling evidence in support of his claims (including a document the EEOC investigator said, in essence, was a written admission by Plaintiff's former employer that it used unlawful means to fire Plaintiff), the response from the attorneys was basically the same. In essence, "The federal fourth circuit doesn't believe in employees' rights. So save your money and forget about it." Plaintiff also states on P. 19 of his mandamus petition, "By said lower federal and Virginia state courts' apparent ability to influence competent and experienced

attorneys to decline employee-plaintiffs' requests for legal representation even when there is compelling evidence in support of their claims as is in petitioner-plaintiff's federal and state court cases, said courts deliver to employer-defendants an almost insurmountable advantage. . ."

The same judge making said "illegal threats" also presided over the hearing of Plaintiff's motion to vacate on grounds of fraud on the court by that same judge, in direct violation of Canon 3.C. of the Code of Conduct for United States Judges. See Complaint at ¶3. Plaintiff's point here is that, even though he succeeded in getting on record a prima facie case of retaliatory discharge, and a genuine issue of material fact that would have sent his case to trial in any other federal circuit, he did not know how to protect his case from abusive judges; and, the federal fourth circuit and the Virginia Supreme Court, because of their apparent reputation for favoring employer-defendants, must bear some blame for Plaintiff's failure to secure legal representation.

Plaintiff has also tried to secure legal representation for instant case. A local attorney has placed his name on a "pro bono list." To-date, Plaintiff has not been contacted by an attorney.

### A. **Defendants' defenses of lack of subject matter jurisdiction and failure to state a claim both fail**

#### 1. **Rules of the Supreme Court must be consistent with Acts of Congress**

Defendants argue that ". . . Because the Supreme Court's rulemaking authority is derived from the Constitution and permitted by Congress, the Plaintiff has failed to state a claim that the Supreme Court has violated the constitution in the enactment of Rules 10 and 20.1". See Defendants' Memorandum, P.3, Item 1. Defendants are implying that Plaintiff is challenging the Supreme Court's rulemaking authority, which is incorrect. Plaintiff, in his Complaint, is instead challenging the constitutionality of Rules of the Supreme Court of the United States, Rules 10 and 20.1, both facially and as applied to his petitions. See Complaint, ¶¶ 1, 5, 20. Defendants

state on Page 3, Item 1, of Defendants' Memorandum, ". . . the Supreme Court has authority to "prescribe rules for the conduct of [its] business." However, Defendants left out the next sentence of 28 U.S.C. § 2071, which states, in part, ". . . such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed under section 2072 of this title."

Plaintiff avers in his Complaint that said Rules 10 and 20.1 are in conflict with 28 U.S.C. § 1291. See Complaint, ¶ 4. It logically follows that if said Rules are in conflict with 28 U.S.C. § 1291, they are also in conflict with 28 U.S.C. § 2071, since they would be inconsistent with Acts of Congress.

### 2. **Plaintiff has succeeded in stating a claim over which this Court has subject matter jurisdiction**

Defendants argue that this Court should dismiss instant Complaint for lack of subject matter jurisdiction and failure to state a claim. See Defendants' Memorandum, P.1. Because Plaintiff, in instant Complaint, challenges the constitutionality of said Rules 10 and 20.1 on grounds that they are in conflict with 28 U.S.C. § 1291 (See Complaint, ¶ 4) [and therefore in conflict with 28 U.S.C. § 2071]; and because Defendant Supreme Court submits said Rules to Congress for its approval prior to their taking effect, this Court has subject matter jurisdiction over instant Complaint, since said Rules 10 and 20.1 are Acts of Congress. If said Rules were not approved by Congress, it would appear that Defendant Supreme Court would be in violation of the "separation of powers" doctrine. Defendant Supreme Court, via its majority opinion in *Marbury v. Madison*, 1 Cranch 137 (1803) decided that the judicial branch has subject matter jurisdiction over constitutional challenges to Acts of Congress, which is what Plaintiff's Complaint is about. See instant Complaint, ¶¶ 1, 5, 20. Plaintiff has therefore stated a claim, and this Court has subject matter jurisdiction over Plaintiff's claim.

B.  **Plaintiff was denied a legitimate appeal as of right**

Defendants, at P.3, Item 2. of Defendants' Memorandum, imply that Plaintiff in instant Complaint claims that he was denied the opportunity to appeal by the federal fourth circuit and the presiding Virginia state courts. Again, Defendants are wrong. Plaintiff avers in instant Complaint that he was denied a legitimate appeal as a matter of right–that he alerted Defendant Supreme Court via his filed petitions that said lower courts intentionally deprived him of his constitutionally guaranteed rights by entering decisions said federal and state courts knew to be erroneous; and that said courts disregarded [without even mentioning] his controlling, positive, unimpeached and uncontradicted evidence of record, as well as his arguments and cited case law. See Complaint, ¶ 2. Plaintiff respectfully submits that, if the facts prove his averments to be true and accurate, then any reasonable person would readily conclude that the presiding federal fourth circuit and Virginia state courts' handling of Plaintiff's cases were a sham.

C.  **Plaintiff's Complaint is timely filed**

Defendants state on P.4, Item 3. of Defendants' Memorandum, ". . . Therefore, the statute of limitations bars this action filed in 2006 to the extent that it is based on those five petitions denied over six years before the complaint was filed." Defendants' conclusion is incorrect. Plaintiff filed only one (1) petition for a writ of mandamus. *In re Clements*, No. 05-689, was filed November 21, 2005, and was denied February 21, 2006. See Complaint, ¶ 12. While all said Plaintiff's petitions deal with the federal fourth circuit and Virginia state courts' handling of Plaintiff's employment discrimination cases, said mandamus petition is unique; it stands on its own. The "Questions Presented for Review" in the mandamus petition are different from those of the other petitions. Further, the mandamus petition was itself timely filed, as there is no statute of limitations for filing mandamus petitions with Defendant Supreme Court. Lastly,

and most important is that Defendant Supreme Court's lawfully applying said Rule 20.1 in its denying said mandamus petition; and in its denying the petition for rehearing of the mandamus petition without reviewing the merits of said petitions, are two more acts by Defendant Supreme Court that Plaintiff complains of in instant Complaint as resulting in judicial tyranny and an unconstitutional application of said Rules to his petitions. <u>See</u> instant Complaint, ¶¶ 1 through 5. Therefore, Plaintiff timely filed instant Complaint, since the date of its filing is within six (6) years of the date Defendant Supreme Court denied his mandamus petition and its related rehearing petition.

In the event this honorable Court directs Plaintiff to file copies of his petition for a writ of mandamus, *In re Clements*, No. 05-689; and its related rehearing petition, Plaintiff respectfully requests that he not be required to send any copies to Defendants, since Defendant Supreme Court already has forty (40) copies.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that this Court DENY defendants' motion to dismiss Plaintiff's Complaint against the Defendants.

Dated: January 23, 2007

Respectfully submitted,

*Clyde E. Clements, Jr.*
_____
Clyde E. Clements, Jr., *Pro Se* Plaintiff
P. O. Box 3391
Lynchburg, Virginia 24503
(434) 845-2310

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CLYDE E. CLEMENTS, JR. | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 06-01809 (RBW) |
| ALBERTO GONZALES, et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

UPON CONSIDERATION of defendants' motion to dismiss, defendants' memorandum of points and authorities in support thereof; and plaintiff's memorandum of points and authorities in opposition to defendants' motion to dismiss, and the record herein, it is this _____day of _____, 2007,

ORDERED, that defendants' motion to dismiss be DENIED.

_____
UNITED STATES DISTRICT JUDGE

cc:  Andrea McBarnette
     Assistant United States Attorney
     555 Fourth Street, N.W.
     Washington, D.C. 20530

     Clyde E. Clements, Jr.
     P. O. Box 3391
     Lynchburg, Virginia 24503

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss, and the proposed Order, have been served on January 23, 2007 by certified U.S. mail, postage pre-paid to Council of Record for Defendants:

>Andrea McBarnette
>Assistant United States Attorney
>Judiciary Center Building
>555 Fourth Street, N.W.
>Washington, D.C. 20530

*Clyde E. Clements Jr.*
Clyde E. Clements, Jr., *Pro Se* Plaintiff
P. O. Box 3391
Lynchburg, Virginia 24503
(434) 845-2310