UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
CLYDE E. CLEMENTS, JR                    )
                                         )
                     Plaintiff           )      Case No: 06-01809 (RBW)
                                         )
          v.                             )
                                         )
ALBERTO GONZALES, et. al                 )
                                         )
                     Defendants          )
_____)

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

The Defendants, Alberto Gonzales et al., through counsel, submit this reply in support of their motion to dismiss.  *Pro se* Plaintiff, Clyde E. Clements, Jr., argues that  Rules 10 and 20.1 of the Rules of the Supreme Court of the United States are unconstitutional "since said Rules enable Defendant Supreme Court to deny petitioners' statutorily and/or Constitutionally protected right to at least one appeal as a matter of right from a U.S. district court and/or state circuit court ruling that was unlawfully denied by the lower appeals courts."  Compl. ¶ 5. Plaintiff states that from 1996 to 2006, the Supreme Court has denied seven petitions that he has filed with it without reaching the merits as allowed by Rules 10 and 20.1 of the Rules of the Supreme Court.  Compl. ¶¶ 1, 12-18.  Plaintiff seeks the Court to direct the Defendant Supreme Court to review his various petitions to it.

**ARGUMENT**

In his petitions, Plaintiff alleged that the "United States Court of Appeals for the Fourth Circuit, the U.S. District Court for the Western District of Virginia, the Supreme Court of Virginia, and the Virginia Circuit Court intentionally deprived Plaintiff of his Constitutionally guaranteed rights by entering decisions that the federal and state courts knew to be erroneous."

Plaintiff suggests that there is some sort of conspiracy by the courts and thus they issue determinations against him. Compl. ¶ 2. Because the courts of appeal improperly ruled against him "for the purpose of giving partial unfair treatment to cases before them," Plaintiff contends that he was denied a legitimate appeal as a matter of right. Opp., p. 3. Thus, Plaintiff argues that the Supreme Court's Rules 10 and 20.1 are unconstitutional as applied to the him. Compl. ¶ 1.

1. **Plaintiff's negative perception of courts does not indicate that the Supreme Court's rules of court are unconstitutional**

Plaintiff strongly disagrees with the numerous court decisions against him and believes that he is a victim of "judicial tyranny." Opp'n. p. 2. Therefore, Plaintiff surmises that the Supreme Court's Rules of Court must be unconstitutional because they do not address this alleged tyranny of the lower federal courts and state courts. Plaintiff specifically alleges that Rules 10 and 20.1 of the Rules of the Supreme Court violate 28 U.S.C. § 1291 and are thus, unconstitutional. Plaintiff's negative perceptions of the judicial system, however, do not suggest that the Supreme Court Rules of Court are in any way a violation of 28 U.S.C. § 1291, which states that "the court of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States ..." Although Plaintiff asserts that he has a poor perception of the federal and state judicial systems, he does not deny that the courts of appeals have jurisdiction from all final decisions of the district courts of the United States, as required by 28 U.S.C. § 1291. Therefore, Plaintiff's claims that the Supreme Court's rules are unconstitutional are without merit.

**2.      Plaintiff's right to an appeal was not violated**

Seemingly, because "experienced attorneys" told the Plaintiff that "the fourth circuit doesn't believe in employees' rights," and because he disagrees with the court decisions against him, Plaintiff believed that he did not have a "legitimate appeal as a matter of right."[1]  See Opp., p. 3.  Neither the opinion offered by counsel regarding the likelihood of success nor Plaintiff's negative perception of the courts change the fact that he did have a legal right to an appeal.  In fact, Plaintiff did appeal a federal case to the Court of Appeals for the Fourth Circuit and a state case to the Supreme Court of Virginia.  Compl. ¶ 2.  Plaintiff disagrees with the results but that does not equate with a violation of his right to be heard.  See MTD p. 3.

**3.      Plaintiff's inability to retain counsel, negative perceptions of courts, and disagreement with court decisions, do not become a mandate for the Supreme Court to hear his petitions.**

Plaintiff believes that the lower federal courts and Virginia state courts influence attorneys so that they decline employee- plaintiffs as clients.  Opp., p. 3-4.  In addition, "experienced attorneys" would not represent the Plaintiff and instead stated "the fourth circuit doesn't believe in employees' rights so save your money and forget about it."  Opp., p. 3. Plaintiff believes that "the presiding federal fourth circuit and Virginia state courts' handling of Plaintiff's cases were a sham" and disagrees with the numerous court decisions against him. Opp'n, p. 6.  Plaintiff's inability to retain counsel, negative perception of the courts, and disagreement with numerous court decisions, however, do not become a mandate for the

_____

[1]  In addition, Plaintiff alleges that a federal judge threatened to bring sanctions if he appealed.  Compl. ¶ 2.  An appropriate remedy for illegal threats by a judge would be a motion for recusal or affidavit alleging bias or prejudice.  See 28 U.S.C. §§ 144, 455.  Plaintiff suggests in his opposition that he did not know how to protect his case from abusive judges because he was pro se.  Plaintiff, however, was not deterred from appealing his case.  Compl. ¶ 2.

Supreme Court to hear his petitions.

**4.      Untimely Claims**

Plaintiff does not dispute that pursuant to 28 U.S.C. § 2401, the  statute of limitations for actions against the United States is six years after the right of action first accrues.  28 U.S.C. § 2401.  In his opposition, Plaintiff does not dispute that he alleges that over six years ago, between 1996-1998, the Supreme Court denied five of his seven petitions without reaching the merits as allowed by Rules 10 and 20.1.  Compl. ¶¶ 15-19.  Thus, the statue of limitations bars all claims based on those five petitions denied over six years before the complaint was filed.  <u>See</u> MTD p. 4.

## **CONCLUSION**

For these reasons, the Defendants respectfully request that this Court dismiss the complaint against the Defendants.

February 22, 2007                    Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.


_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing reply in support of motion to dismiss has been served

on February 22, 2007 by first class U.S. mail, postage pre-paid to:

Clyde E. Clements, Jr.
P.O. Box 3391
Lynchburg, Va  24503

　　　　　　　　　　　　　　　　　　　／S／
                              ANDREA McBARNETTE, D.C. Bar  #483789
                              Assistant United States Attorney
                              Judiciary Center Building
                              555 Fourth Street, N.W.
                              Washington, D.C. 20530
                              (202) 514-7153