UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

MAR 0 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CLYDE E. CLEMENTS, JR. )
)
Plaintiff, )
)
v. ) Civil Action No. 06-01809 (RBW)
)
ALBERTO R. GONZALES, et al. )
)
Defendants. )

## PLAINTIFF'S REPLY TO DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

*Pro se* Plaintiff Clyde E. Clements, Jr. ("Plaintiff") respectfully submits his Plaintiff's Reply to Defendants' Reply in Support of Defendants' Motion to Dismiss ("Plaintiff's Reply").

I.   **PREFATORY STATEMENT**

In the event this honorable Court concludes that it must grant Defendants' motion to dismiss, Plaintiff respectfully requests that the Court discuss in its Memorandum Opinion why it is in the interests of justice that Plaintiff's case must be dismissed, in light of Defendants' assertion that the Court must accept as true Plaintiff's allegations of judicial tyranny and judicial fraud, including Plaintiff's allegation that the presiding federal and Virginia state courts entered decisions in Plaintiff's cases they knew to be erroneous (See Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss, ("Defendants' Memorandum") at p. 2; and Complaint at ¶¶ 2, 3, 13, 14, 16, 20). Plaintiff requests this because, as alleged in his Complaint, the United States District Court presiding over his employment discrimination suit disregarded, without even mentioning, his controlling, positive, unimpeached and uncontradicted

evidence of record. It is Plaintiff's understanding that said disregarding represents prejudicial abuse of discretion; and it is preserved by the record. Plaintiff is hopeful that this honorable Court's Memorandum Opinion will be in sufficient detail to convince him that appeal would be futile, in the event that the Court dismisses instant Complaint.

> At present common minds no more see a crushing tyranny in a trivial unfairness or a ludicrous indignity than the eye uninformed by reason can discern the oak in the acorn or the utter desolation of winter in the first autumnal fall.
> Hence the necessity of denouncing with unwearied and even troublesome perseverance a single act of oppression. Let it alone and it stands on record. The country has allowed it and when it is at last provoked to a late indignation it finds itself gagged with the record of its own ill-compulsion.

*United States v. Haggett*, 360 F.Supp. 502 at 511.

## II. ARGUMENT

### A. Defendants Appear to be Inviting This Court to Resolve Fact Issues During Pretrial

It appears to Plaintiff that the Defendants, in their Reply in Support of Defendants' Motion to Dismiss ("Defendants' Reply"), are inviting this Court to resolve fact issues during pretrial, thereby depriving Plaintiff of his right to discovery in preparation for trial. It is Plaintiff's understanding that this would be inappropriate. "District court may not resolve conflicts in evidence on summary judgment motions." *Podberesky v. Kirwan*, 38 F.3d 147 at 149. For example, even though Defendants assert on p. 2 of Defendants' Memorandum the proper standard of review, Defendants state on p. 2 of Defendants' Reply, ". . . Therefore, Plaintiff's claims that the Supreme Court's rules are unconstitutional are without merit." Here,

Defendants are apparently expecting the Court to resolve the issue as to whether Plaintiff has submitted sufficient facts in support of his allegation that Rules of the Supreme Court, Rules 10 and 20.1 are unconstitutional–before Plaintiff has been given the opportunity to discover facts in support of his claims.

Another example is on Page 3 of Defendants' Reply: ". . . Plaintiff's inability to retain counsel, negative perception of the courts, and disagreement with numerous court decisions, however, do not become a mandate for the Supreme Court to hear his petitions." Defendants, again, are in Plaintiff's view, inviting this Court to resolve issues that must be addressed at trial after Plaintiff has been given a full and fair opportunity to litigate–which includes discovery.

### B.  Defendants Have made Numerous Inaccurate or Erroneous Representations of Plaintiff's Pleadings

Defendants state, ". . . Plaintiff suggests that there is some sort of conspiracy by the courts and thus they issue determinations against him. . ." Defendants' Reply, p. 2. Plaintiff has made no claim of conspiracy. Plaintiff alleges that ". . . the presiding lower courts applied an apparent commonly known *practice* of knowingly entering in employment discrimination cases erroneous decisions favoring employer defendants . . ." (Emphasis added). Complaint at ¶13.

Defendants state, ". . . Plaintiff's negative perceptions of the judicial system, however, do not suggest that the Supreme Court Rules of Court are in any way a violation of 28 U.S.C. § 1291, . . . Although Plaintiff asserts that he has a poor perception of the federal and state judicial systems, he does not deny that the courts of appeals have jurisdiction from all final decisions of the district courts of the United States, as required by 28 U.S.C. § 1291. Therefore, Plaintiff's claims that the Supreme Court's rules are unconstitutional are without merit." Defendants' Reply, p. 2. Defendants' representations of Plaintiff's allegations, as well as Defendants'

conclusions are incorrect. Plaintiff states in his Complaint that he presented in his petitions to Defendant Supreme Court the undisputed facts of record indicating the lower courts' unlawful treatment of his federal and state employment discrimination suits. Complaint, ¶¶ 2., 3., 4., 13., 14., 16. Plaintiff states, ". . . Defendant Supreme Court's denying review of his petitions without reaching the merits as allowed by said Rules 10. and 20.1 has resulted in a judicial tyranny where Defendant Supreme Court enables lower federal and state courts to enter, with impunity, decisions said lower courts know to be erroneous, for the purpose of giving partial, unfair treatment to cases before them;. . ." Complaint, ¶2. Plaintiff also avers that he was denied an [legitimate] appeal as of right, which is in conflict with 28 U.S.C. § 1291. Complaint, ¶¶ 3., 4.

Defendants state, "Plaintiff's right to an appeal was not violated." Defendants' Reply, p. 3. Plaintiff disagrees. Plaintiff states, ". . . Where, as here, a lower appeals court decision is a result of judicial fraud; or of other clear and prejudicial abuses of discretion, it cannot be said that the litigant injured by said decision was given an appeal as a matter of right, . . ." Complaint, ¶ 3. Plaintiff is differentiating between a fair and lawful appeals court decision, and one that is the result of fraud on the court. Defendants are making no such distinction.

Defendants state, "Plaintiff seeks the Court to direct the Defendant Supreme Court to review his various petitions to it." Defendants' Reply, p. 1. Plaintiff also asks this Court to "grant such other and further relief as this Court shall find just and proper." See Complaint, Prayer for Relief, Paragraph d. Needless to say, Plaintiff is not qualified to advise this honorable Court as to what "further relief" would be "just and proper," but said further relief could be an injunction stopping Defendant Supreme Court from applying said Rules 10. and 20.1 to any petition in which the petitioner complains of a lower appeals court's decision as being the result of fraud, or the result of some other alleged abuse of discretion.

-4-

### III. PLAINTIFF'S CLAIMS ARE TIMELY

#### A. Plaintiff's Claims Relating to His Mandamus Petition Are Timely Filed

Defendants do not dispute Plaintiff's assertion that all claims based on his mandamus petition, In re Clements, Case No. 05-689 (filed November 21, 2005), are timely filed. See Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss, p. 6, 7.

#### B. Doctrine of Equitable Tolling Applies–All Claims are Timely Filed

Plaintiff alleges in instant Complaint that Defendant Supreme Court's lawfully applying said Rule 10 in its denying each of Plaintiff's five certiorari petitions filed with Defendant Supreme Court; and lawfully applying said Rule 20.1 in its denying each of Plaintiff's two mandamus petitions filed with Defendant Supreme Court–all without reaching the merits–resulted in seven separate acts of judicial tyranny. Complaint, ¶¶ 2, 16. Judicial tyranny represents a fraud on the court. Fraud tolls the start of the limitations period to the date of occurrence of the last fraudulent act which, instant case, is Defendant Supreme Court's denying Plaintiff's Petition for Rehearing on April 17, 2006.

Plaintiff exercised due diligence. After his fifth petition filed with Defendant Supreme Court was denied, he continued his research with the expectation that there was a legitimate reason why Defendant Supreme Court five times turned its back to the lower courts' unlawful treatment of his cases. Plaintiff concluded that he should have filed a mandamus petition initially, since his claims seemed better suited for mandamus. After Defendant Supreme Court denied both mandamus petitions, Plaintiff realized for the first time that said judicial tyranny reduces any complaint to Defendant Supreme Court of lower court judicial fraud to an exercise in futility. Because he is not trained in the law, Plaintiff respectfully submits that he should not

be held responsible for knowing how to "discover" said judicial tyranny and judicial fraud in a timely manner.

> Under the equitable tolling doctrine, where a party 'remains in ignorance of [a wrong] without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered, though there be no special circumstances or efforts on the part of the party committing the fraud to conceal it from the knowledge of the other party.' *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991) (internal quotation omitted). As a general rule, '[t]his equitable doctrine is read into every federal statute of limitation.' *Holmberg v. Armbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1945).

*In re United Insurance Management, Inc.,* 14 F.3d 1380 at 1384, 1385.

> Where a 'plaintiff because of disability, irremediable lack of information, or other circumstances beyond his control just cannot reasonably be expected to sue in time,' courts have applied a doctrine of 'equitable tolling.' *Miller v. Runyon,* 77 F.3d 189, 191 (C.A.7 1996) (Posner, C.J.). The doctrine tolls the running of the limitations period until the disabling circumstance can be overcome. . . .

*Wallace v. Kato,* 127 S.Ct. 1091 (Decided Feb. 21, 2007)

## IV. TO THE EXTENT THAT PLAINTIFF'S "DUE DILIGENCE" IS AN ISSUE, TRIAL IS THE APPROPRIATE SETTING FOR FACT ISSUE RESOLUTION

". . . whether the Trustee exercised due diligence with regard to uncovering the facts surrounding the stock and the state court litigation, as well as the Trustee's knowledge are all

factual issues that should be resolved in the context of a trial. . . ." Slip Copy, 2006 WL 2038679 (Bkrtcy.M.D.Ala.).

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court DENY Defendants' motion to dismiss Plaintiff's Complaint against the Defendants.

Dated: February 28, 2007

Respectfully submitted,

*Clyde E. Clements Jr.*
Clyde E. Clements, Jr., *Pro Se* Plaintiff
P. O. Box 3391
Lynchburg, Virginia 24503
(434) 845-2310

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CLYDE E. CLEMENTS, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-01809 (RBW) |
| ) | |
| ALBERTO GONZALES, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

UPON CONSIDERATION of defendants' motion to dismiss, defendants' memorandum of points and authorities in support thereof, plaintiff's memorandum of points and authorities in opposition to defendants' motion to dismiss; and defendants' reply and plaintiff's reply, and the record herein, it is this _____ day of _____, 2007,

ORDERED, that defendants' motion to dismiss is DENIED.

_____
UNITED STATES DISTRICT JUDGE

cc:   Andrea McBarnette
      Assistant United States Attorney
      555 Fourth Street, N.W.
      Washington, D.C. 20530

      Clyde E. Clements, Jr.
      P. O. Box 3391
      Lynchburg, Virginia 24503

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Plaintiff's Reply to Defendants' Reply in Support of Defendants' Motion to Dismiss, and the proposed Order, have been served on February 28, 2007 by certified U.S. mail, postage pre-paid to Council of Record for Defendants:

Andrea McBarnette
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530

*Clyde E. Clements, Jr.*
_____
Clyde E. Clements, Jr., *Pro Se* Plaintiff
P. O. Box 3391
Lynchburg, Virginia 24503
(434) 845-2310