UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CLYDE E. CLEMENTS, JR | ) | |
| | ) | |
| Plaintiff | ) | Case No: 06-01809 (RBW) |
| | ) | ECF |
| v. | ) | |
| | ) | |
| ALBERTO GONZALES, et. al | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S SURREPLY

The Defendants, Alberto Gonzales et al., through counsel, submit this opposition to

Plaintiff's Reply to Defendants' Reply in Support of Defendants' Motion to Dismiss ("Plaintiff's

Surreply"). Plaintiff's most recent filing although titled "Plaintiff's Reply to Defendants' Reply

in Support of Defendants' Motion to Dismiss," is in fact a surreply addressing issues raised in

Defendants' Motion to Dismiss. Defendants oppose Plaintiff's Surreply because there is no basis

upon which Plaintiff can file a surreply. Defendants' Reply raises no new matters and Plaintiff's

Surreply addresses no new matters. Furthermore, Plaintiff did not seek leave of Court to file a

surreply.

Prior to the enactment of the September 1, 2003 Rules for the United States District Court

for the District of Columbia (Local Rules), former Rule 27(d) did not permit the filing of a

surreply. The current rules do not contain an express prohibition to filing a surreply, but it has

long been the holding in this Circuit that "a surreply may be filed only by leave of Court, and only

to address new matters raised in a reply, to which a party would otherwise be unable to respond."

United States ex rel. Pogue v. Diabetes Treatment Ctrs. Of Am., 238 F. Supp. 2d 270, 276-77

(D.D.C. 2002) quoted in United States of America v. Baroid Corporation, 346 F. Supp. 2d 138,

143 (D.D.C. 2004). The standard for granting a surreply is whether the party making the motion

"would be unable to contest matters presented to the court for the first time in the opposing

party's reply." Robinson v. The Detroit News, Inc., 211 F. Supp. 2d. 101, 112 (D.D.C. 2002).

The matter raised must be truly new. Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001).

Defendants' reply raised no new matters and therefore, Plaintiff was able to contest

matters addressed in Defendants' filings in his opposition to the motion to dismiss. In his

surreply, Plaintiff reiterated many of the arguments that he made in his Complaint and in his

opposition to Defendants' motion to dismiss. He also added in the surreply a new argument for

equitable tolling to counter the matter raised in the motion to dismiss that most of his claims were

not timely. Surreply p. 5; MTD p. 4.[1] Accordingly, because the surreply does not address new

matters raised in the reply, the Plaintiff can not meet the standard for the granting of the right to

file a surreply. Lewis, 154 F. Supp. 2d 56, 61 (D.D.C. 2001).

Moreover, without leave of the Court, Plaintiff filed his surreply after full briefing of

Defendant's Motion to Dismiss. "Although the Federal Rules of Civil Procedure and this

district's Local Civil Rules are silent on this issue, it is standard practice for a party seeking to file

a surreply to move the court for leave to file such a surreply." Groobert v. President and Directors

---

[1] Plaintiff cites to the dissent's opinion in Wallace v. Kato, 127 S. Ct. 1091, 1101 (2007) and argues that equitable tolling should apply because the Supreme Court's denial of his numerous petitions amounts to judicial fraud and fraud tolls the start of the statute of limitations. Plt Surreply p.5. Plaintiff's disagreement with the Supreme Court's decisions, however, does not equal judicial fraud and such disagreement does not toll the statute of limitations for claims based on the Supreme Court's denial of his petitions. In fact, the Supreme Court in Wallace v. Kato upheld the view that "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." 127 S. Ct. at 1100. Thus, the Court should not apply equitable tolling to Plaintiff's untimely claims as the Plaintiff has not alleged any unusual circumstances that would justify equitable tolling.

of Georgetown College, 219 F. Supp.2d 1, 13 n.2 (D.D.C. 2002) (internal citations omitted);

Jackson v. Strayer College, 941 F. Supp. 192, 193 n.1 (D.D.C. 1996) ("The Federal Rules of Civil

Procedure and the rules of this Court do not provide for surreplies as a matter of right, and the

plaintiff has not moved this Court for, nor has the Court granted, leave to file the aforementioned

surreplies.").  Therefore, the Court should not permit Plaintiff's surreply to be included in the

record of this case.

CONCLUSION

For the foregoing reasons, Defendants object to Plaintiff's Surreply and submit that the

Court should strike the surreply from the record.

March 15,  2007                                Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.


_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing opposition to plaintiff's surreply has been served on

March 15,  2007 by first class U.S. mail, postage pre-paid to:


Clyde E. Clements, Jr.
P.O. Box 3391
Lynchburg, Va  24503


                    _____/S/_____
                    ANDREA McBARNETTE, D.C. Bar  #483789
                    Assistant United States Attorney
                    Judiciary Center Building
                    555 Fourth Street, N.W.
                    Washington, D.C. 20530
                    (202) 514-7153