UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLYDE E. CLEMENTS, JR. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-01809 (RBW) |
| ) | |
| ALBERTO R. GONZALES, et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO
PLAINTIFF'S SURREPLY**

*Pro se* Plaintiff Clyde E. Clements, Jr. ("Plaintiff") respectfully submits his Plaintiff's Reply to Defendants' Opposition to Plaintiff's Surreply ("Plaintiff's Reply"). **Please note that Plaintiff has served on the Court his Motion for Leave to File Plaintiff's Reply to Defendants' Reply in Support of Defendants' Motion to Dismiss** ("Plaintiff's Motion"). The following arguments in support of the filing of Plaintiff's surreply are identical to his arguments presented in Plaintiff's memorandum of points and authorities that accompany said Plaintiff's Motion, with the exception of Plaintiff's response to Defendants' opposition to Plaintiff's application of the doctrine of equitable tolling argument.

**I.   PLAINTIFF WOULD BE UNABLE TO CONTEST NEW MATTERS RAISED BY DEFENDANTS' REPLY**

"The standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply. . ." Lewis v. Rumsfeld, 154 F. Supp. 2d 56, 61 (D.D.C. 2001).

Defendants allege in Defendants' Opposition to Plaintiff's Surreply ("Defendants' Opposition"), ". . . Defendants' Reply raises no new matters and Plaintiff's Surreply addresses no new matters. . . ." Defendants' Opposition, p. 1. Plaintiff disagrees. Defendants state, "Plaintiff's right to an appeal was not violated." This claim appears for the first time on p. 3 of Defendants' Reply in Support of Defendants' Motion to Dismiss ("Defendants' Reply"), and is therefore a new matter. In response, Plaintiff states in Plaintiff's Reply at p. 4, ". . . Plaintiff is differentiating between a fair and lawful appeals court decision, and one that is the result of fraud on the court. Defendants are making no such distinction." This is the first time Plaintiff makes this assertion.

Defendants state on p. 4 of Defendants' Reply, ". . . Thus, the statute of limitations bars all claims based on those five petitions denied over six years before the complaint was filed." This is the first time Defendants allege that "all claims" based on Plaintiff's five earlier petitions are barred. It is therefore a new matter. In response, Plaintiff, on p. 5 of Plaintiff's Reply, presents his argument that the doctrine of equitable tolling makes all claims timely filed.

Defendants state, ". . . Therefore, Plaintiff's claims that the Supreme Court's rules are unconstitutional are without merit." Defendants' Reply, p. 2. This is the first time Defendants make this claim; therefore, it is a new matter. In response, Plaintiff, on p. 2 of Plaintiff's Reply, presents his argument that resolving fact issues during pretrial would be inappropriate. This is the first time Plaintiff makes this assertion.

## II.   PLAINTIFF HAS ALLEGED UNUSUAL CIRCUMSTANCES THAT JUSTIFY EQUITABLE TOLLING

Defendants state in the footnote, p. 2 of Defendants' Opposition to Plaintiff's Surreply, "Thus, the Court should not apply equitable tolling to Plaintiff's untimely claims as the Plaintiff has not alleged any unusual circumstances that would justify equitable tolling." Plaintiff

disagrees. Plaintiff, in his Complaint, alleges facts in support of his allegations of judicial tyranny and judicial fraud, including Plaintiff's allegations that the presiding federal fourth circuit judges and the presiding Virginia state court judges entered in Plaintiff's employment discrimination suits decisions they knew to be erroneous. Complaint, ¶ 2, 3, 13, 14, 16, 20.

To the extent abovementioned Plaintiff's alleged facts are an issue, trial is the appropriate setting for fact issue resolution. ". . . whether the Trustee exercised due diligence with regard to uncovering the facts surrounding the stock and the state court litigation, as well as the Trustee's knowledge are all *factual issues that should be resolved in the context of a trial. . .*" [Emphasis added]. Slip Copy, 2006 WL 2038679 (Bkrtcy.M.D.Ala.). Therefore, it may be necessary for the Court to resolve during trial the issue as to whether the doctrine of equitable tolling applies to Plaintiff's case.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff leave to file his surreply.

Dated: March 22, 2007

Respectfully submitted,

*Clyde E. Clements, Jr.*
_____
Clyde E. Clements, Jr., *Pro Se* Plaintiff
P. O. Box 3391
Lynchburg, Virginia 24503
(434) 845-2310

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Plaintiff's Reply to Defendants' Opposition to Plaintiff's Surreply has been served on March 22, 2007 by certified U.S. mail, postage pre-paid to Council of Record for Defendants:

Andrea McBarnette

Assistant United States Attorney

Judiciary Center Building

555 Fourth Street, N.W.

Washington, D.C. 20530

*Clyde E. Clements, Jr.*
———————————————
Clyde E. Clements, Jr., *Pro Se* Plaintiff
P. O. Box 3391
Lynchburg, Virginia 24503
(434) 845-2310