# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————

CLYDE CLEMENTS, JR.,

                Plaintiff,

      v.

ALBERTO GONZALES, et al.,

             Defendants.

———————————————————————

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 06-1809 (RBW)

## ORDER

On October 19, 2006, Clyde E. Clements, Jr. ("the plaintiff"), acting pro se, brought this action against the United States Supreme Court ("the defendant") as a challenge to the validity of Supreme Court Rules 10 and 20.1, which provide that the granting of petitions for writs of certiorari and mandamus are "not a matter of right, but of judicial discretion."[1]  Sup. Ct. R. 10 (2005); see also Sup. Ct. R. 20.1 (2005).  This action had been preceded by the plaintiff's submission of seven petitions for review by the United States Supreme Court.[2]  Complaint ("Compl.") ¶¶ 12-19.  The Supreme Court denied each petition without reaching the merits of the

---

[1]  As reflected in the caption above, the plaintiff also names Attorney General Alberto Gonzales as a defendant in his complaint, although he fails to refer to him thereafter.  Complaint ("Compl.") at 1; see generally Compl.  In addition, the plaintiff refers in passing to the United States Congress as a defendant in this action.  Id. ¶ 10.  Because the plaintiff fails to make any factual allegations regarding either Attorney General Gonzales or the United States Congress, the Court sua sponte dismisses the plaintiff's complaint against them for failure to state a claim upon which relief can be granted.

[2]  In the underlying suit in which the petitions were filed, the plaintiff alleges that the United States Court of Appeals for the Fourth Circuit, the United States District Court for the Western District of Virginia, the Supreme Court of Virginia and the Amherst County, Virginia Circuit Court "intentionally deprived" him of his constitutional rights by repeatedly dismissing his employment discrimination claims.  Compl. ¶ 2.

plaintiff's claims.[3]  Id.  The plaintiff's complaint asserts that the Supreme Court's practice of

discretionary review violates the United States Constitution and the federal statute which governs

the appealability of final decisions of federal district courts.  Compl. ¶ 4; see 28 U.S.C. § 1291

(2000) (providing that the various circuit courts of appeals shall have "jurisdiction of appeals

from all final decisions of the district courts of the United States . . . except where a direct review

may be had in the Supreme Court"); see also 28 U.S.C. § 2071(a) (2000) (stating that Supreme

Court Rules must be "consistent with Acts of Congress").  Specifically, the plaintiff contends

that the Supreme Court's denial of his petitions without reaching the merits of his claims "has

resulted in a judicial tyranny where [the] Defendant Supreme Court enables lower federal and

state courts to enter, with impunity, decisions [the] lower courts know to be erroneous, for the

purpose of giving partial, unfair treatment to cases before them."  Compl. ¶ 2.

Currently before the Court is the defendants' motion to dismiss the plaintiff's complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Defs.' Mot.").[4]  The defendants argue that

---

[3]  The Supreme Court denied (1) Plaintiff's Petition for Rehearing, Case No. 95-1314 on June 3, 1996; (2) Plaintiff's Petition for a Writ of Certiorari, Case No. 95-1360 on April 15, 1996; (3) Plaintiff's Petition for a Writ of Certiorari, Case No. 96-1360 on April 14, 1997; (4) Plaintiff's Petition for Rehearing, Case No. 97-1260 on May 18, 1998; (5) Plaintiff's Petition of a Writ of Certiorari, Case No. 97-1260 on March 23, 1998; (6) Plaintiff's Petition for a Writ of Mandamus, Case No. 05-689 on February 21, 2006; and (7) Plaintiff's Petition for Rehearing, Case No. 05-689 on April 17, 2006.  Compl. ¶¶ 12-19.

[4]  The following papers have been submitted in connection with this motion: (1) Memorandum of Points and Authorities in Support of  Defendants' Motion to Dismiss ("Defs.' Mem."); (2) Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss ("Pl.'s Opp."); (3) Defendants' Reply in Support of Defendants' Motion to Dismiss ("Defs.' Reply"); and (4) Plaintiff's Reply to Defendants' Reply in Support of Defendants' Motion to Dismiss ("Pl.'s Surreply").
To survive a motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must make sufficiently detailed factual allegations in his complaint "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, ___ U.S. ____, ____, 127 S. Ct. 1955, 1965 (May 21, 2007).  In evaluating a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, ___ U.S. ____, ____, 127 S. Ct 2197, 2200 (June 4, 2007) (internal quotation marks and citations omitted), and "grant the plaintiff the benefit of all inferences that can be derived from the facts alleged," Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal

(continued...)

the complaint fails to state a claim upon which relief can be granted because the plaintiff has

been afforded the opportunity to pursue multiple appeals in both state and federal appellate

courts, Defs.' Mot. at 3, and the plaintiff's dissatisfaction with the results of these appeals does

not constitute a valid legal claim,  Defs.' Reply at 3.[5]  The plaintiff responds that he was "denied

a legitimate appeal as a matter of right" because the trial and appellate courts were biased against

employees alleging workplace discrimination, Compl. ¶ 2, and that the Supreme Court is

therefore compelled to grant his petitions for review, id. ¶ 4.  For the reasons stated below, the

Court concludes that the plaintiff has failed to state a claim upon which relief can be granted.  It

therefore grants the defendants' motion to dismiss.[6]  _____

_____

[4](...continued)
quotation marks and citations omitted).  However, "a plaintiff's obligation to provide the grounds of his entitlement
to relief [in his complaint] requires more than labels and conclusions, and a formulaic recitation of the elements of a
cause of action will not do."  Twombly, ___ U.S. at ____, 127 S. Ct. at 1965 (internal quotation marks and brackets
omitted).  Moreover, the Court need not accept inferences that are unsupported by the facts set forth in the complaint
or "legal conclusion[s] couched as . . . factual allegation[s]."  Trudeau, 456 F.3d at 193 (internal quotation marks and
citations omitted).  For the purposes of a Rule 12(b)(6) motion, the Court may only consider the facts alleged in the
complaint, any documents attached as exhibits, and matters about which the Court may take judicial notice.  EEOC
v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 (D.C. Cir. 1997).  Finally, the pleadings of pro se parties
"[are] to be liberally  construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent
standards than formal pleadings drafted by lawyers."  Erickson, ___ U.S. at ____, 127 S. Ct. at 2200 (internal
quotation marks and citations omitted).  Nonetheless, "[a]lthough a court will read a pro se plaintiff's complaint
liberally, a pro se complaint[, no less than any other complaint,] must present a claim on which the Court can grant
relief."  Chandler v. Roche, 215 F. Supp. 2d 166, 168 (D.D.C. 2002) (citing Crisafi v. Holland, 665 F.2d 1305, 1308
(D.C. Cir. 1981)); see McNeil v. United States, 508 U.S. 106, 113 (1993) (stating that the Supreme Court "[has]
never suggested that procedural rules in ordinary civil litigation should be interpreted as to [wholly] excuse mistakes
by those who proceed without counsel") (footnote omitted).

[5]  The defendants also contend that 28 U.S.C. § 2401 bars the plaintiff's claims regarding the five petitions
denied prior to 2000, because the six year statute of limitations for civil actions against the United States had expired
prior to the filing of the complaint in this case.  Defs.' Mot. at 4; see also 28 U.S.C. § 2401 (2000) (stating that
"every civil action commenced against the United States shall be barred unless the complaint is filed within six years
after the right of action first accrues").  However, because the Court concludes that the plaintiff's complaint is
plainly without merit, the Court need not reach the statute of limitations issue.

[6]  It is resoundingly clear that the plaintiff's statutory and constitutional arguments fail to state any claim
upon which relief can be granted and that the defendant's Rule 12(b)(6) motion should be granted and the plaintiff's
complaint dismissed for that reason.  However, as the Supreme Court has repeatedly observed, "courts . . . have an
independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge

(continued...)

## ANALYSIS

The United States Constitution confers upon the Supreme Court "appellate Jurisdiction, both as to Law and Fact, with such Exceptions, and under such Regulations as the Congress shall make."  U.S. Const. art. III, § 2, cl. 2.  Pursuant to its power to make regulations under Article III, § 2, Congress granted the Supreme Court the authority to fashion procedural rules for itself.  28 U.S.C. § 2071 (stating that "the Supreme Court and all courts established by Act of Congress

---

[6](...continued)

from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 509 (2006) (citation omitted).  Accordingly, the Court also notes as an initial matter that it lacks jurisdiction over the plaintiff's complaint in two distinct respects.

To begin with, the plaintiff has identified no private right of action that empowers him to bring suit for an asserted violation of 28 U.S.C. §§ 1291 or 2071.  "[P]rivate rights of action to enforce federal law must be created by Congress," Alexander v. Sandoval, 532 U.S. 275, 286 (2001) (citation omitted), and  "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person."  Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979) (internal quotation marks and citation omitted); see also Tax Analysts v. IRS, 214 F.3d 179, 185 (D.C. Cir. 2000) (observing that "violation of a federal statute alone is inadequate to support a private cause of action").  Courts must therefore determine whether a congressional statute "displays an intent to create not just a private right but also a private remedy."  Sandoval, 532 U.S. at 286 (citation omitted); see Sosa v. Alvarez-Machain, 542 U.S. 692, 727 (reiterating that "a decision to create a private right of action is one better left to legislative judgment in the great majority of cases") (citations omitted).  When undertaking such an inquiry, "[s]tatutory intent . . . is determinative," Sandoval, 532 U.S. at 286 (citation omitted), and "legal context matters only to the extent it clarifies text," id. at 288.  If a statute does not clearly indicate the existence of a privately enforceable remedy, "courts may not create one, no matter how desirable that might be as a policy matter[] or how compatible with the statute."  Id. at 286-87 (citations omitted).  Here, neither § 1291 nor § 2071 evince any congressional intent to allow individuals to bring a legal action alleging that a particular Supreme Court Rule is not "consistent with [an] Act[] of Congress."  28 U.S.C. § 2071.  The Court therefore concludes that no private right of action exists to enforce the statutes relied upon by the plaintiff in his complaint.

In addition, it is plain that the Court lacks subject-matter jurisdiction in this case pursuant to the doctrine of sovereign immunity.  The Supreme Court, as a branch of the United States government, enjoys sovereign immunity from litigation unless the prerogative has been expressly waived.  See United States v. Mitchell, 445 U.S. 535, 538 (1983) (stating that "[i]t is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit") (internal quotation marks, ellipsis, and citation omitted); Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999) (stating that "[a]bsent a waiver, sovereign immunity shields the [f]ederal [g]overnment and its agencies from suit") (internal quotation marks and citation omitted); see also Council on Am. Islamic Relations v. Ballenger, 444 F.3d 659, 666 (D.C. Cir. 2006) (stating that "[s]overeign immunity bars suits against the United States absent an explicit and unequivocal waiver") (citation omitted).  In this case, the plaintiff has not proffered, nor can the Court find, any "explicit and unequivocal waiver" of the Supreme Court's sovereign immunity from suit.  Ballenger, 444 F.3d at 666 (citation omitted).  The plaintiff's complaint must therefore be dismissed for lack of subject-matter jurisdiction on this point as well.

may from time to time prescribe rules for the conduct of their business").  However, such rules

must be "consistent with Acts of Congress."  Id.

      Here, the plaintiff argues that Supreme Court Rules 10 and 20.1 conflict with 28 U.S.C. §

1291 ("Section 1291"), which, according to the plaintiff, "compels the judicial branch to provide

litigants with at least one appeal as a matter of right from a [United States] district court[] or state

circuit court decision."  Compl. ¶ 4.  The plaintiff further contends that where state and federal

appellate courts issue decisions that are "a result of judicial fraud[] or of other clear and

prejudicial abuses of discretion," id. ¶ 3, Section 1291 provides that, notwithstanding Supreme

Court Rules, "[the] Defendant Supreme Court must treat a petition for review of the merits of

such cases as an appeal of right," id. ¶ 4.  In actuality, however, Section 1291 simply confers

upon the courts of appeals "jurisdiction of appeals from all final decisions of the district courts of

the United States . . . except where a direct review may be had in the Supreme Court."  28 U.S.C.

§ 1291.  Furthermore, Congress has expressly delineated the discretionary nature of petitions for

writs of certiorari and mandamus presented to the Supreme Court.  28 U.S.C. § 1254 (2000)

(stating that "[c]ases in the courts of appeals may be reviewed by the Supreme Court by . . . writ

of certiorari granted upon the petition of any party to any civil or criminal case") (emphasis

added); 28 U.S.C. § 1651(a) (2000) (stating that "[t]he Supreme Court and all courts established

by Act of Congress may issue all writs necessary or appropriate in aid of their respective

jurisdictions and agreeable to the usages and principles of law") (emphasis added); see also

Durham v. United States, 401 U.S. 481, 483 n.* (1971) (observing that "appeals [to circuit courts

of appeals] are a matter of right while [the Supreme Court's] decisions on certiorari [and

mandamus] petitions are wholly discretionary"), overruled on other grounds, Dove v. United

States, 423 U.S. 325, 325 (1976). Accordingly, the Court concludes that Supreme Court Rules 10 and 20.1 are entirely "consistent with Acts of Congress." 28 U.S.C. § 2071.

The plaintiff also makes a vague and unsupported assertion that Supreme Court Rules 10 and 20.1 are facially unconstitutional. Compl ¶ 5. However, the Supreme Court has conclusively held that "[t]here is, of course, no constitutional right to an appeal." Jones v. Barnes, 463 U.S. 745, 751 (1983). As the Supreme Court observed on another occasion,

> [a]n appeal . . . is not a matter of absolute right, independently of constitutional or statutory provisions allowing such appeal. A review by an appellate court of the final judgment . . . was not at common law and is not now a necessary element of due process of law. It is wholly within the discretion of the State to allow or not to allow such a review. A citation of authorities upon the point is unnecessary. ____

McKane v. Durston, 153 U.S. 684, 687 (1894). Thus, while the plaintiff is entitled to an appeal as a matter of right to the appropriate federal circuit court of appeals, see Durham, 401 U.S. 481, 483 n.* (1971); Fed. R. App. P. 3, such right does not extend to the United States Supreme Court, and the Supreme Court Rules that permit discretionary review of petitions for writs of certiorari and mandamus are therefore not facially unconstitutional.

Finally, the plaintiff argues that Supreme Court Rules 10 and 20.1 are unconstitutional as applied to him because the denial of his petitions has resulted in a "judicial tyranny where Defendant Supreme Court enables lower federal and state courts to enter, with impunity, decisions [the] lower courts know to be erroneous, for the purpose of giving partial, unfair treatment to cases before them." Compl. ¶ 2. Notwithstanding the plaintiff's nebulous and unsubstantiated allegations of fraud and conspiracy by various state and federal courts, the facts asserted in the complaint itself demonstrate that the plaintiff has had extensive opportunities to seek appellate relief on numerous occasions from both the United States Court of Appeals for the

6

Fourth Circuit and the Virginia Supreme Court.  Id. ¶¶ 2-3.  Thus, because the plaintiff provides no factual support for his improbable and wholly conclusory allegations that four state and federal trial and appellate courts "intentionally deprived [him] of his [c]onstitutionally guaranteed rights by entering decisions said federal and state courts knew to be erroneous," Compl. ¶ 2, and because the Court can envision no set of facts that the plaintiff could realistically prove that would corroborate his claim of pervasive "judicial tyranny," Pl.'s Opp. at 2, and "judicial fraud," Compl. ¶ 3, directed against him, the Court concludes that the plaintiff's complaint has clearly failed to state a claim upon which relief can be granted.  Accordingly, it is hereby

**ORDERED** that the defendants' motion to dismiss is GRANTED.  It is further

**ORDERED** that this case is dismissed with prejudice.

**SO ORDERED** this 27th day of June, 2007.

REGGIE B. WALTON
United States District Judge

7