UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLYDE E. CLEMENTS, JR ) | |
| ) | |
| Plaintiff ) | Case No: 06-01809 (RBW) |
| ) | |
| v. ) | |
| ) | |
| ALBERTO GONZALES, et. al ) | |
| ) | |
| Defendants ) | |

**OPPOSITION TO MOTION TO VACATE
AND LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff requests that the Court vacate its order to dismiss the case with prejudice and permit an amendment to the complaint. The Plaintiff wants to have two bites of the same apple, and belatedly seeks to introduce facts, allegations and arguments that could have been raised before the Court's decision to dismiss the case with prejudice. This case was fully briefed and after reviewing the merits, the Court dismissed the case with prejudice. Plaintiff presents no explanation for his undue delay in seeking these amendments to the complaint, disregards the Court expenditure of judicial resources in reviewing the case and belittles the prejudice to Defendants who spent time and resources in defending the case. See Plt Mt at 1-2. Therefore, the Court should deny Plaintiff's motion to vacate and amend the complaint.

**ARGUMENT**

**I.     Plaintiff has not shown the clear error, change in law, or new evidence required to justify the drastic relief of an order to vacate a final decision.**

Plaintiff argues that the Court should vacate its order under Rule 59(e) because he seeks to introduce facts, allegations and legal arguments that he had an opportunity to introduce before but did not and because he "was not instructed about higher standard for pleading." See

Plt Mt at 2-3. A Rule 59(e) motion, however, "is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Messina v. Krakower, 439 F.3d 755, 758-59 (D.C. Cir. 2006) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir.1996) (per curiam ) (internal quotation marks omitted)). Importantly, "[a] motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend judgment after its entry is not routinely granted." Harvey v. Dist. of Columbia, 949 F. Supp. 878, 879 (D.D.C. 1996). "Motions under Fed. R. Civ. P. 59(e) are disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." Niedermeier v. Office of Baucus, 153 F. Supp.2d 23, 28 (D.D.C. 2001).

Rule 59(e) motions should not be granted if the court suspects that the losing party is using the motion as an instrument for arguing the same theory or asserting new arguments that could have been raised prior to final judgment. Taylor v. Dep't of Justice, 268 F. Supp.2d 34, 35 (D.D.C.2003) (*citing* Kattan v. Dist. of Columbia, 995 F.2d 274, 276 (D.C. Cir.1993) (citations omitted)). Indeed, the law is clear that a "Rule 59(e) motion is not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier." W.C. & A.N. Miller Cos. v. United States, 173 F.R.D. 1, 3 (D.D.C.1997), *aff'd sub nom* Hicks v. United States, No. 99-5010, 1999 WL 414253 (D.C. Cir. May 17, 1999); see also New York v. United States, 880 F. Supp. 37, 38 (D.D.C. 1995) ("A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled.").

Here, Plaintiff specifically seeks to add arguments or facts that he could have raised

-2-

before the Court's decision to dismiss the case.  Further, Plaintiff's suggestion that there was error because he was not advised of a "higher pleading standard" is incorrect.  Plt Mt at 2.  While a pro se litigant should always be given fair and equal treatment, he cannot generally be permitted to shift the burden of litigating his case to the courts. MacLeod v. Georgetown Univ. Med. Ctr., 736 A.2d 977, 979 (D.C. 1999) (*citing* Dozier v. Ford Motor Co., 702 F.2d 1189, 1194 (D.C. 1983)). See also Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C. 1993) (the court "do[es] not need to provide detailed guidance to pro se litigants," nor does liberal treatment "constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure." (internal quotation omitted)). Finally, Plaintiff alleges no change in the controlling law that would justify reconsideration and Plaintiff points to no manifest injustice.  Because there has been no injustice, no clear error, and no change in evidence or in the law, the Court should deny Plaintiff's motion to vacate the order to dismiss the case with prejudice.

II.     **The Court should deny motion to amend because of the undue delay and prejudice to the Defendants.**

After a responsive pleading to the complaint, a party may amend the complaint "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a).  Though Rule 15(a) provides that "leave shall be freely given when justice so requires," denial of leave to amend is appropriate in cases of "undue delay, ... repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment. " Atchinson v. District of Columbia, 73 F.3d 418, 425 (D.C. Cir. 1996) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

The Plaintiff merely attempts to state an alternative theory for recovery on essentially the same claim or on facts that could have been introduced earlier.  Plt Mt at 2–3.  Plaintiff has long

been aware of the proposed facts[1] and basis of the proposed claims but has delayed making it until after the case was dismissed. Denial of leave to amend is appropriate where a party has had sufficient opportunity to state a claim but has failed to do so. Mittleman v. U.S., 997 F. Supp. 1, 9-11 (D.D.C. 1998) (citing Williamsburg Wax Museum, Inc. v. Historic Figures, Inc., 810 F.2d 243, 247 (D.C. Cir. 1987)). Plaintiff's delay is prejudicial to the Defendants and "in derogation of their right to a just, inexpensive and speedy trial." Suehle v. Markem Mach. Co. 38 F.R.D. 69, 71 (E.D.Pa. 1965). Furthermore, such undue delay compromises the judicial economy of the Court. Therefore, the Court should deny Plaintiff's motion to amend.

---

[1] Plaintiff seeks to introduce facts from his former 1995 District Court case. Plt Mt at 3 and Plt's Ex. A. Thus, Plaintiff seeks to introduce evidence that he was aware of prior to the Court's decision to dismiss the case.

**CONCLUSION**

      For these reasons, the Defendants respectfully request that this Court deny Plaintiff's motion to vacate and amend the complaint.

July 27, 2007                        Respectfully submitted,

                                        _____/s/_____
                                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                                        United States Attorney

                                        _____/s/_____
                                        RUDOLPH CONTRERAS, D.C. BAR # 434122
                                        Assistant United States Attorney.

                                        _____/s/_____
                                        ANDREA McBARNETTE, D.C. Bar  # 483789
                                        Assistant United States Attorney
                                        555 Fourth Street, N.W.
                                        Washington, D.C. 20530
                                        (202) 514-7153

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing reply in opposition to the motion to vacate and amend the complaint has been served on July 27, 2007 by first class U.S. mail, postage pre-paid to:

Clyde E. Clements, Jr.
P.O. Box 3391
Lynchburg, Va  24503

                                        _____/s/_____
                                        ANDREA McBARNETTE
                                        Assistant United States Attorney
                                        Judiciary Center Building
                                        555 Fourth Street, N.W.
                                        Washington, D.C. 20530
                                        (202) 514-7153