UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLYDE E. CLEMENTS, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. __06-01809 (RBW)__ |
| | ) |
| | ) |
| ALBERTO R. GONZALES, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF'S REPLY MEMORANDUM IN OPPOSITION TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO VACATE AND LEAVE TO FILE AMENDED COMPLAINT

*Pro se* Plaintiff Clyde E. Clements, Jr. ("Plaintiff"), hereby respectfully submits his reply memorandum in opposition to Defendants' Opposition to Plaintiff's Motion to Vacate and Leave to File Amended Complaint ("Def.Opp.") that was filed with this Court on July 27, 2007.

**I.     It is in the Interest of Justice for the Court to Permit Plaintiff to Amend Complaint**

Defendants state, ". . . Plaintiff presents no explanation for his undue delay in seeking these amendments to the complaint . . ." Def.Opp. at 1. Plaintiff disagrees. Plaintiff brings to the attention of the Court that he tried numerous times to secure legal representation before and after he filed his complaint. See Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion to Vacate; and for Leave to File First Amended Complaint ("Pl.Mem.") at 3; and declaration attached thereto as "Exhibit 1." Plaintiff's proceeding *pro se* is not by choice. If he had succeeded in securing legal representation prior to filing his complaint, Plaintiff would have no need to amend his complaint to remove defects and deficiencies, since the original

RECEIVED

AUG - 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

complaint would have been prepared by a competent attorney, and presumably would have no defects or deficiencies. Plaintiff's point is, because he is not trained in the law, he did not know his complaint contained fatal defects and deficiencies until he read this Court's Order granting Defendants' motion to dismiss. Further, Plaintiff could not have included his Due Process Clause-related argument (See First Amended Complaint ("1st.Am.Cplt.") at ¶ 3 and elsewhere) in his complaint because he did not know of it until he resumed his research after he had received said Order, in preparation for submitting his motion to vacate and for leave to amend.

### A.    Plaintiff has Complied with Local Civil Rules of Procedure

This Court, in *Kidd v. Howard University School of Law*, Case No. 06-CV-1853 (D.D.C. 2007) (Walton, J.), granted *pro se* plaintiff leave to amend her complaint, stating that ". . . the defendant correctly points out that the plaintiff has not submitted an amended pleading with the motion as required by Local Civil Rule 7(i), and that the plaintiff failed both to discuss the proposed filing of the motion with opposing counsel and to include a statement indicating that such discussion occurred as required by Local Civil Rule 7(m). . . . Nonetheless, the Court concludes that it is in the interest of justice to permit the plaintiff to amend her complaint." *Kidd*, *supra*, at 2. Plaintiff, in preparation for submitting his motion to amend, both discussed the proposed filing of his motion to vacate and for leave to amend his complaint with opposing counsel and included his declaration with his Pl.Mem. in support of his said motion, indicating the said discussion occurred; and, he submitted his proposed 1st.Am.Cplt. with his motion. Therefore, Plaintiff is in compliance with the Local Civil Rules of Procedure.

### B.    Plaintiff is in Compliance with Federal Rules of Civil Procedure

Defendants state, ". . . nor does liberal treatment 'constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure. . . ." [Def.Opp. At 3] without stating what

Federal Rules of Civil Procedure Plaintiff has purportedly violated. Further, the Court apparently did not find the Plaintiff has been in violation of any of the Federal Rules of Civil Procedure ("F.R.Civ.P."), as it did not say so in its Order granting Defendants' motion to dismiss. To the best of his knowledge, Plaintiff is in compliance with the Federal Rules of Civil Procedure.

### C.    Plaintiff's is Not a Case of Undue Delay, Repeated Failure to Cure Deficiencies by Amendment Previously Allowed; Nor of Undue Prejudice to Defendants

Defendants state, ". . . Though Rule 15(a) provides that 'leave shall be freely given when justice so requires,' denial of leave to amend is appropriate in cases of 'undue delay. ... repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.' Atchinson v. District of Columbia, 73 F.3d 418, 425 (D.C. Cir. 1996) . . ." Def.Opp. at 3. Please note that Mr. Atchinson was apparently represented by an attorney in the court of first instance; and was assisted by a team of attorneys when he appealed. Further, Mr. Atchinson apparently filed his motion for leave to amend just before trial–presumably after discovery had been completed. Such is not the case here. Plaintiff is proceeding *pro se*, no discovery has been conducted; and the case has not progressed to the point of preparing for trial.

This Court, in *Kidd, supra*, at 3, states, ". . . While the court has sole discretion to grant or deny a request for leave to amend, unless there is a reason for not doing so, such as undue delay, bad faith, dilatory tactics, repeated failure to cure deficiencies, or undue prejudice to the opposing party, 'the leave sought should . . . be 'freely given.'' Foman v. Davis, 371 U.S. 178, 182 (1962). . . ." Said "undue delay," "bad faith," and "dilatory tactics" clearly do not apply to Plaintiff, in light of the fact that he submitted his 1st.Am.Cplt. along with his motion to vacate

and leave to amend. Said "repeated failure to cure deficiencies" does not apply to Plaintiff either. This is the first time he has asked the Court for leave to amend his complaint.

This Court's granting Plaintiff leave to amend will not cause undue prejudice to the defendants. Since defendants have not yet answered Plaintiff's complaint; and since there has been no discovery at this point, the Court's granting Plaintiff leave to amend his complaint should not cause undue prejudice to the defendants.

As documented by said Plaintiff's declaration, defendants did not answer his question as to whether his filing an amended complaint would cause undue prejudice to defendants. However, defendants, in Def.Opp. at 4, claim that ". . . Plaintiff's delay is prejudicial to the Defendants and 'in derogation of their right to a just, inexpensive and speedy trial. . . .'" Defendants give no details as to how this Court's granting Plaintiff leave to amend will allegedly prejudice them.

Defendants state, "Plaintiff has not shown clear error, change in law, or new evidence required to justify drastic relief of an order to vacate final decision." Def.Opp. at 1. In support of their argument, defendants cite Messina v. Krakower, 439 F.3d 755 (D.C. Cir. 2006), Harvey v. Dist. of Columbia, 949 F. Supp. 878 (D.D.C. 1996); and, Niedermeier v. Office of Baucus, 153 F. Supp.2d 23 (D.D.C. 2001). Def.Opp. at 2. Significantly, litigants Messina, Harvey and Niedermeier were all represented by an attorney. The presiding courts may have found the need to treat them differently, had they been proceeding *pro se* like Plaintiff is.

Regarding Messina, *supra*, the appeals court, as did the district court, found that ". . . Messina's [Rule 59(e)] motion did nothing more than 'rel[y] on the same arguments that she originally made.'" Messina at 759. Plaintiff's 1st.Am.Cplt. contains his Due Process Clause-

related argument (See 1st.Am.Cplt. at ¶¶ 3, 8, 12, 15, 45-49) that was not included in his original Complaint. Therefore, Messina is not "on point."

Regarding Harvey, *supra*, the court found, ". . . She [Ms. Harvey] has merely attempted to reargue facts upon which the Court has already ruled, and has brought forth a new legal theory which she failed to present in opposition to the defendants's summary judgment motion. Thus, denial of the plaintiff's [Rule 59(e)] motion is appropriate." Harvey, *supra*, at 880. Also, the litigants in Harvey had apparently completed discovery, and the case was going to trial. Here again, Harvey was represented by an attorney, while Plaintiff is not. And, Plaintiff, in his amended complaint, is presenting facts and the Due Process-related argument that have not been ruled upon by this Court. Harvey, therefore, is not "on point" either.

Regarding Niedermeier, *supra*, the court found that Niedermeier's counsel was in breach of Local Civil Rule 7.1(m), stating ". . . the Court will consider plaintiff's Motion for Reconsideration on its merits despite her counsel's violation of Local Rule 7.1(m)." Niedermeier at 27. The court also states, ". . . Accordingly, even if plaintiff could establish that she has a right to amend, which she cannot, granting plaintiff leave to amend in this case would be futile. . . ." Niedermeier at 31. This Court's granting Plaintiff leave to amend would *not* be futile, as demonstrated below. Niedermeier is clearly not on point.

**D.     *Pro Se* Plaintiff Had No Knowledge of Higher Pleading Standard for Immunity Arguments; and Was Given No Guidance of Any Kind by the Court**

Defendants' own cited case law supports Plaintiff's argument that the Court should grant his motion to vacate and for leave to amend his complaint because the Court did not give him even minimal guidance regarding defects and deficiencies in his pleading:

Defendants state, ". . . Further, Plaintiff's suggestion that there was error because he was not advised of a 'higher pleading standard' is incorrect. Plt Mt at 2. While a pro se litigant should always be given fair and equal treatment, he cannot generally be permitted to shift the burden of litigating his case to the courts. . . .'" Def.Opp. at 3. In support of their claim, Defendants cite <u>Macleod v. Georgetown Univ. Med. Ctr.</u>, 736 A.2d 977 (D.C. 1999). Def.Opp. at 3. Macleod proceeded *pro se* in the trial court, and was represented by counsel during his appeal. The appeals court states, ". . . The essence of his appeal is that because he was a *pro se* litigant, the court had the duty to apprise him of the defects in his opposition to the defendants' summary judgment motion and, in particular, of the importance of filing controverting affidavits. We conclude that in the circumstances here the court had no such mandatory obligation. We affirm the summary judgment." <u>Macleod</u>, *supra*, at 977, 978. The appeals court goes on to say, "The only D.C. circuit case cited by appellant that involves a nonprisoner *pro se* litigant is *Moore* [*Moore v. Agency for Int'l Dev.*, 994 F.2d 874 (D.C. 1993)] , *supra*. However, *Moore* dealt with, among other things, a civil rights claim of violations of *due process* and equal treatment in plaintiff's discharge from the government, *an area we have already noted may be treated with greater liberality*. Further, the case involved not summary judgment but rather *defects in the pleading* and service of process, *also areas of permissible special consideration in pro se cases*. As we would construe the opinion, it was in this context that the appellate court remarked, while citing to the prisoner cases, that the trial court should have given the *pro se* plaintiff *minimal notice of pleading requirements and of the consequences of noncompliance*. . . ." <u>Macleod</u>, *supra*, at 981, 982 [Emphases added]. It appears to Plaintiff that <u>Macleod</u> supports his argument that this Court should have given him at least minimal guidance regarding the defects and deficiencies in his complaint before granting Defendants' motion to dismiss,

especially in light of the fact that he documented on record that his proceeding *pro se* is not by choice; that Plaintiff has tried numerous times to secure legal counsel. See Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss, at 4. ". . . Finally, we cannot shut our eyes to the reality that, as far as this record shows, appellant chose to proceed *pro se*. . . ." Macleod, *supra*, at 982. Plaintiff has not refused to seek legal counsel so he can proceed *pro se*. He has had no choice but to proceed *pro se*.

Defendants also cite *Dozier v. Ford Motor Company*, 702 F.2d 1189 (D.C. 1983). Def.Opp. At 3. This case is not on point, since Dozier, proceeding *pro se*, sought a monetary award. The Court of Appeals states, ". . . At least where a litigant is seeking a monetary award, we do not believe *pro se* status necessarily justifies special consideration. . . . The present appellant is, in any event, a particularly poor candidate for special treatment. Though not a member of this bar, he claimed under oath and in response to question from the Eastern District [of Virginia] judge that he is a member of the bar of the State of Maryland, and has practiced law for some 31 years, representations upon which the court relied. . . ." Dozier, *supra*, at 1194, 1195. However, the Dozier dissent makes a point that may apply to instant case: ". . . Here, the cost to the defendant to defend based on an obvious pleading defect is relatively small. Thus 'substantial justice' to Dozier requires that we not use the doctrine of res judicata to turn a dismissal for inartful pleading into a lock on the courthouse door. Dozier should have a second chance to cure his defective allegation of jurisdictional amount. . . ." Dozier at 1201. Likewise, Plaintiff should be given a chance to cure the defects and deficiencies of his complaint.

### E.    The Issues Raised by First Amended Complaint Are Important

It would not be in the interest of justice if *pro se* Plaintiff's incompetence in the field of law is allowed to prevent this Court from addressing the important issues subject of his

-7-

1st.Am.Cplt. Specifically, as demonstrated by Defendant Supreme Court's denying his seven (7) petitions without reaching the merits in which Plaintiff avers in words or in substance that he was denied a fair, effective and meaningful appeal by the United States Court of Appeals for the Fourth Circuit ("Appeals Court") and by the Supreme Court of Virginia ("VA.S.Ct."), there currently is no remedy for an employment discrimination plaintiff denied a fair, effective and meaningful appeal by a federal and/or state appeals court. As demonstrated by abovementioned seven (7) Defendant Supreme Court denials, review at the discretion of Defendant Supreme Court is not a remedy. Plaintiff therefore respectfully requests that this Court, in its discretion, grant his motion to vacate; and for leave to file his amended complaint.

**II.     The Court's Granting Plaintiff Leave to Amend His Complaint Would Not be Futile**

**A.     Plaintiff, in His First Amended Complaint, States Claims Over Which this Court Has Jurisdiction**

Plaintiff, in his 1st.Am.Cplt. at ¶ 12, alleges that Rules of the Supreme Court, Rules 10 and 20.1 (hereinafter collectively referred to as "S.Ct. Rules") do not square with the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution, and states, ". . . This Court's general federal question jurisdiction is invoked by the due process clause of the Fifth and Fourteenth Amendments to the Constitution. . . ."; and at ¶ 15 cites *Davis v. Passman*, 442 U.S. 228, in which Defendant Supreme Court states in part, ". . . where plaintiff rested her claim directly on the due process clause of Fifth Amendment, . . . plaintiff was an appropriate party to invoke the general federal question jurisdiction of the district court to seek relief and had a cause of action under the Fifth Amendment . . ." *Davis, supra*, at 228. Plaintiff has stated a claim over which this Court has jurisdiction. Therefore, this Court's reasons for granting Defendants' motion to dismiss that are given in its Order; namely, that plaintiff has ". . .

-8-

identified no private right of action that empowers him to bring suit . . ." and ". . . the court lacks subject-matter jurisdiction in this case . . ." do not apply to Plaintiff's 1st.Am.Cplt. Further, the Court's finding relating to the complaint, that ". . . the plaintiff provides no factual support for his improbable and wholly conclusory allegations . . ." does not apply to his 1st.Am.Cplt., the allegations of which are supported by facts of record of the federal district court and Virginia circuit court that presided over Plaintiff's employment discrimination lawsuits.

### B.    Plaintiff's Complaint is Timely Filed

The Court states in Note 5, page 3 of its Order granting Defendants' motion to dismiss, that it did not reach the statute of limitations issue. Plaintiff avers in his 1st.Am.Cplt. at ¶¶ 3 through 5, 8, 15 and elsewhere, that Defendant Supreme Court's applying said S.Ct. Rules to Plaintiff's petitions he filed with Defendant Supreme Court for review, in its denying said petitions without reviewing their merits, is in conflict with the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution–and therefore unconstitutional–because Plaintiff avers in said petitions in words or in substance that he was denied a fair, effective and meaningful appeal from the courts of first instance by the Appeals Court and by the VA.S.Ct. Defendants applied allegedly unconstitutional Rule 10 in their denying without reaching the merits Plaintiff's cert. petitions on April 15, 1996; June 3, 1996; April 14, 1997; March 23, 1998; May 18, 1998; and applied allegedly unconstitutional Rule 20.1 in their denying Plaintiff's mandamus petition, In re Clements, Case No. 95-689, on February 21, 1996 and to his rehearing petition on April 17, 1996.

Defendants, in their Reply in Support of Defendants' Motion to Dismiss, at 4, allege that ". . . the statute of limitations bars all claims based on those five petitions denied over six years before the complaint was filed. . . ." Plaintiff disagrees. Plaintiff's right of action did not first

accrue on April 15, 1996, the date that Defendants lawfully applied Rule 10 in their denying his

petition for a writ of certiorari, Case No. 95-1314. Nor did Plaintiff's right of action first accrue

on the date of the Supreme Court's denial of any of the other four petitions during

aforementioned 1996-1998 period. All of Plaintiff's claims are timely for the following reasons:

### 1.    Doctrine of "Continuing Claims" Applies

Every time Plaintiff petitioned Defendants to review the merits of his claims in which he

avers in words or in substance that he was given unfair, ineffective and meaningless appeals by

the Appeals Court and by VA.S.Ct., Defendants lawfully applied S.Ct. Rules in their denying his

petitions without reaching the merits. Defendants Congress and Supreme Court owed Plaintiff a

continuing duty to treat his seven (7) petitions in a manner that squares with the Due Process

Clause of Fifth and Fourteenth Amendments to the Constitution. """. . . The continuing claim

doctrine prevent[s] a statute of limitations from shielding an offender in an on-going

wrongdoing, and protect[s] recurring claims that might otherwise be barred if based upon events

occurring more than six year prior to suit.'" *Nicholas v. United States*, 42 Fed.Cl. 373,

(Fed.Cl.1998) (*citing Hatter v. United States*, 38 Fed. Cl. 166, 180 (1997)). The continuing

claims doctrine applies when the government owed a continuing duty to the plaintiffs. *Boling v.*

*United States*, 220 F.3d 1365, 1373-74 (Fed.Cir.2000). Each time the government breaches the

duty, a new cause of action arises. *Id; see e.g.; Cherokee Nation of Oklahoma v. United States*,

26 Cl.Ct. 798, 803 n. 4 (Cl.Ct.1992) . . ." *San Carlos Apache Tribe v. United States*, 272

F.Supp.2d 860, 896 (D.Ariz., 2003). Plaintiff filed his complaint on October 19, 2006. Because

the date of the filing of his complaint is well within six years of Defendants' denying Plaintiff's

mandamus petition; and his mandamus rehearing petition–the last of recurring allegedly

-10-

unconstitutional acts by Defendants causing injury to Plaintiff–all of Plaintiff's claims are timely filed.

### 2.    Commencement of Limitations Period is Postponed Until This Court Orders that Rules of the Supreme Court, Rules 10 and/or 20.1 are Unconstitutional

Plaintiff alleges in his 1st.Am.Cplt. that he was injured by Defendant Supreme Court's applying allegedly unconstitutional S.Ct. Rules in its denying his seven (7) petitions without reaching the merits. Plaintiff will not know he has been injured until this Court rules that said S.Ct. Rules are unconstitutional. The limitations period does not begin to run until Plaintiff can both file suit and obtain relief. Plaintiff cannot obtain relief until this Court rules that S.Ct. Rules are unconstitutional. ". . . 'standard rule' that the period does not commence earlier than the date 'the plaintiff can file suit *and* obtain relief' . . .a cause of action does not become 'complete and present' for limitations purposes until the plaintiff can file suit *and* obtain relief. See *Reiter v. Cooper*, 507 U.S. 258, 267, 113 S.Ct. 1213, 122 L.Ed.2d 604 (1993) . . .", *TRW v. Andrews*, 534 U.S. 19, 34. [Emphases added]

### 3.    Commencement of Limitation Period is Postponed Until Date Upon Which Plaintiff has Reasonable Probability of Successfully Prosecuting His Fifth and Fourteenth Amendment Claims Against Government

Plaintiff avers in his 1st.Am.Cplt. at paragraphs 3, through 5, 8, 15 and elsewhere, that Defendant Supreme Court's applying S.Ct. Rules to Plaintiff's petitions he filed with Defendant Supreme Court for review, in its denying said petitions without reviewing their merits, is in conflict with the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution because Plaintiff avers in said petitions in words or in substance that he was denied a fair, effective and meaningful appeal from the courts of first instance by the Appeals Court and

-11-

by the VA.S.Ct. Under 28 U.S.C. § 2401, the limitations period does not begin to run against Plaintiff until Plaintiff has a reasonable probability of successfully prosecuting his claim against the government. Plaintiff will not know he has said "reasonable probability" of success until this Court decides that he has a Fifth and/or Fourteenth Amendment defense against Defendant Supreme Court's said applying the S.Ct. Rules to his said petitions. Therefore, the date on which Plaintiff's cause of action first accrues will be the date on which this Court decides that he has a Fifth and/or Fourteenth Amendment defense against defendants' applying said unconstitutional S.Ct. Rules to his said petitions. Plaintiff will not have the right to enforce his cause until this Court decides that he has said Fifth and/or Fourteenth Amendment defense against Defendants' applying said S.Ct. Rules in their denying Plaintiff's seven petitions without reaching the merits. "In United States v. One 1961 Red Chevrolet Impala Sedan [FN45] the claimant sought compensation for property which had been forfeited to the government because of its use in the conduct of a wagering operation that did not comply with the federal gambling tax statutes. The Fifth Circuit ruled that under section 2401(a) the limitations period did not begin to run against the claimant until the decisions in Marchetti and Grosso gave notice that the owner of the automobile had a Fifth Amendment defense against its seizure. That Circuit declared that the period should not commence until plaintiff had a 'reasonable probability of successfully prosecuting his claim against the government,' [FN46] and that prior to those Supreme Court decisions his suit would probably have been dismissed on the basis of Lewis and Kahriger." *United States v. Sams*, 521 F.2d 421, 430. ". . . whether appellant is beyond the 6-year period depends upon a determination of when his cause of action first accrued. . . . The period of limitations does not always begin on the date of the wrong. *See* Cooper v. United States, 7th Cir. 1971, 442 F.2d 908. No cause of action generally accrues until the plaintiff has a right to enforce

-12-

his cause. . . . The right to sue is hollow indeed until the right to succeed accompanies. . . ."

*United States v. One 1961 Red Chevrolet Impala Sedan, Serial No. 11837A177369*, 457 F.2d

1353, 1357, 1358.

It is Plaintiff's understanding that this Court will not be able to decide this issue–i.e.,

whether said S.Ct. Rules are unconstitutional–until after discovery has been completed; and until

after Plaintiff has been given an opportunity to submit to this Court his supporting evidence.

**4.    Plaintiff's Cause of Action Challenging Constitutionality of Rule 20.1 is Timely Filed**

Defendant Supreme Court applied Rules of the Supreme Court, Rule 20.1 in its denying

Plaintiff's mandamus petition, *In re Clements*, Case No. 95-689, without reaching the merits, on

February 21, 1996; and applied Rule 20.1 in its denying his petition to rehear his mandamus

petition, without reaching the merits, on April 17, 1996. The date on which Plaintiff filed his

complaint, October 19, 2006, is within six years of both denial dates. Therefore, Plaintiff's cause

of action in which he challenges the constitutionality of said Rule 20.1 is timely filed.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's

motion for the Court to vacate its Order entered June 27, 2007 granting Defendants' Motion to

Dismiss; and grant Plaintiff's motion for leave to file his First Amended Complaint.

Dated: August 6, 2007                          Respectfully submitted,

                                               *Clyde E. Clements Jr.*

                                               Clyde E. Clements, Jr., *Pro Se* Plaintiff
                                               P. O. Box 3391
                                               Lynchburg, Virginia 24503
                                               (434) 845-2310

-13-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of August, 2007, I caused a copy of the foregoing

Plaintiff's Reply Memorandum in Opposition to Defendants' Opposition to Plaintiff's Motion to

Vacate and Leave to File Amended Complaint, to be served by certified U.S. mail, postage pre-

paid, upon Counsel of Record for Defendants:

    Andrea McBarnette

    Assistant United States Attorney

    Judiciary Center Building

    555 Fourth Street, N.W.

    Washington, D.C. 20530

                  *Clyde E. Clements Jr.*

                  _____

                  Clyde E. Clements, Jr., *Pro Se* Plaintiff

                  P. O. Box 3391

                  Lynchburg, Virginia 24503

                  (434) 845-2310