UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CLYDE CLEMENTS, JR., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-1809 (RBW) |
| MICHAEL B. MUKASEY, Attorney General, | ) ) ) ) | |
| -and- | ) ) | |
| JOHN G. ROBERTS, Chief Justice, United States Supreme Court | ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

Clyde Clements, Jr., the plaintiff in this civil suit, seeks to challenge the validity of Supreme Court Rules 10 and 20.1, which provide in pertinent part that the granting of petitions for writs of certiorari and mandamus are "not a matter of right, but of judicial discretion." Sup. Ct. R. 10 (2005); see also Sup. Ct. R. 20.1 (same). On June 27, 2007, the Court entered an order granting the defendants' motion to dismiss this case for failure to state a claim and dismissing the plaintiff's complaint in its entirety (the "Dismissal Order").[1]  Currently before the Court is the plaintiff's request for leave to file an amended complaint.  Motion to Vacate[] and For Leave to

---

[1] The plaintiff's original complaint, filed October 19, 2006, names Alberto R. Gonzales, at that time the Attorney General of the United States, as the defendant in this civil case. The Court has substituted Attorney General Mukasey as the defendant in lieu of former Attorney General Gonzales pursuant to Federal Rule of Civil Procedure 25(d)(1).

1

File Amended Complaint (the "Pl.'s Mot.") at 1.[2] After carefully reviewing the Court's Dismissal Order, the plaintiff's motion, and all memoranda and exhibits relating thereto,[3] the Court concludes for the reasons that follow that it must deny the plaintiff's motion for leave to file an amended complaint.

Federal Rule of Civil Procedure 15 provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). As explained by the Supreme Court in Foman v. Davis, 371 U.S. 178 (1962):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–leave should, as the rules require, be freely given.

Id. at 182 (emphasis added). "Within these bounds, a district court has discretion to grant or deny leave to amend under Rule 15(a)." Atchinson v. District of Columbia, 73 F.3d 418, 426 (D.C. Cir. 1996). Thus, a district court "may deny a motion to amend a complaint as futile . . . if

---

[2] Although the plaintiff's motion is captioned as a motion to vacate the Court's Dismissal Order, and although he requests in his motion that the Court "vacate its [o]rder entered June 27, 2007," Pl.'s Mot. at 1, the plaintiff does not actually argue that the Court should reconsider its Dismissal Order, but rather asserts that his proffered amended complaint would remedy the defects in the plaintiff's original complaint identified by the Court in that order, Memorandum of Points and Authorities in Support of Plaintiff's Motion to Vacate[] and for Leave to File First Amended Complaint at 2-3 (asserting, inter alia, that the plaintiff's proffered amended complaint "does not contain the allegations of judicial fraud and judicial tyranny" found in his original complaint and that the proffered amended complaint is pled with greater specificity). The Court therefore construes the plaintiff's motion solely as a motion for leave to file an amended complaint.

[3] In addition to the Court's prior Dismissal Order (and the underlying documents considered by the Court before entering that order) and the plaintiff's motion, the Court considered the following documents in reaching its decision: (1) the defendants' Opposition to Motion to Vacate and [for] Leave to File Amended Complaint, (2) the Plaintiff's Reply Memorandum in Opposition to Defendants' Opposition to Plaintiff's Motion to Vacate and [for] Leave to File Amended Complaint, and (3) the plaintiff's uncaptioned notice of errata entered on the Court's docket on December 7, 2007.

the proposed claim would not survive a motion to dismiss." James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996).

In this case, the plaintiff's request for leave to file an amended complaint must be denied as futile. The sole count alleged in the proposed amended complaint is that Supreme Court Rules 10 and 20.1 "are in violation of the Due Process Clause[s] of the Fifth and Fourteenth Amendments" because "they enabled [various federal and state courts of appeals and the Virginia Supreme Court] to deny [the p]laintiff a fair, effective[,] and meaningful appeal, which is fundamentally unfair." First Amended Complaint (the "Am. Compl.") ¶ 48;[4] see also id. ¶ 1 ("[Supreme Court Rules 10 and 20.1] enable lower appeals courts to apply, with impunity a practice of affirming decisions of courts of first instance that said lower appeals courts know or should know are clearly erroneous and reversible"); id. ¶ 3 ("[Supreme Court Rules 10 and 20.1] are unconstitutional on their face, and as applied to [the p]laintiff because said [Supreme Court] Rules cannot be squared with the Due Process Clause[s] of the Fifth and Fourteenth Amendments"). As the Court explained in its Dismissal Order, however, "the Supreme Court has conclusively held that '[t]here is, of course, no constitutional right to an appeal.'" Dismissal Order at 6 (quoting Jones v. Barnes, 463 U.S. 745, 751 (1983)). "Thus, while the plaintiff is entitled to an appeal as a matter of right to the appropriate federal circuit court of appeals," that right "does not extend to the Supreme Court, and the Supreme Court Rules that permit

---

[4] The plaintiff's proffered amended complaint is attached as an unmarked exhibit to his motion for leave to amend his complaint.

discretionary review of petitions for writs of certiorari and mandamus are therefore not facially unconstitutional." Id.[5]

Insofar as the plaintiff's proffered amended complaint challenges the constitutionality of Supreme Court Rules 10 and 20.1 as those rules have been applied to the plaintiff, the factual allegations proffered by the plaintiff do not support such a claim. The plaintiff does not allege, for example, that the Supreme Court's facially neutral rules work to the disadvantage of petitioners of a certain economic status. See Griffin v. Illinois, 351 U.S. 12, 14-20 (1956) (declaring unconstitutional state law that required indigent criminal defendants to pay for their own trial transcripts because the law "discriminate[d] against some convicted defendants on account of their poverty"). Instead, he asserts that the Supreme Court's rules are unconstitutional as applied to him because "they make no exception for those petitioners who in words or in substance complain of unfair, ineffective[,] and meaningless appeals below." Am. Compl. ¶ 5. But as the Supreme Court is not required to accept any petitions for a writ of certiorari or a writ of mandamus, its failure to create a special exception for those petitioners who, like the plaintiff, subjectively believe that the appellate courts have not conducted a fair and honest review of their appeals–in other words, the Supreme Court's failure to treat petitions like those filed by the

---

[5] The plaintiff cites Burkett v. Cunningham, 826 F.2d 1208 (3d Cir. 1987), as "authority on the constitutional requirement that the lower appeals courts provide fair, effective[,] and meaningful appeals." Am. Compl. ¶ 4 (citing Burkett, 826 F.2d at 1221 (quoting Evitts v. Lucey, 469 U.S. 387, 394 (1985) (internal quotations and citation omitted))). In actuality, these cases stand for the incontrovertible principle that "the Due Process clause protects the right to direct appeal when that right is guaranteed by the state." Burkett, 826 F.2d at 1221 (emphasis added); Evitts, 469 U.S. at 394 (holding that "if a state has created appellate courts as an integral part of the system for finally adjudicating the guilt or innocence of a defendant, . . . the procedures used in deciding appeals must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution" (internal quotation and citation omitted) (emphasis added)). In this case, Congress has given the Supreme Court discretion as to which, if any, writs of certiorari it will accept, and the Supreme Court Rules at issue here reflect that discretion.

plaintiff <u>more</u> favorably than other types of petitions–can hardly be described as conduct of an unfair, let alone unconstitutional, character.

In short, the plaintiff cannot plead around the fact that the Supreme Court is neither constitutionally nor statutorily required to accept his petitions for a writ of certiorari. The plaintiff's proffered amended complaint, if accepted for filing, would only be subject to dismissal once again for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). His proposed amendments are therefore futile. It is accordingly

**ORDERED** that the plaintiff's Motion to Vacate[] and for Leave to File Amended Complaint is **DENIED**.

**SO ORDERED** this 15th day of January, 2008.

REGGIE B. WALTON
United States District Judge